S. E. SPILLMAN, *Appellee*, v. THE UNION PORTLAND CEMENT COMPANY, *Appellant*.

No. 16,339.

SYLLABUS BY THE COURT.

PETITION—*Motion to Require Separate Statement of Causes of Action—Immaterial Error.* Where a petition states more than one cause of action in the same count the court should, upon proper application, require them to be separately stated. If the court refuse to do so, however, such refusal will not constitute error sufficient to compel a reversal when it appears from the whole record that the substantial rights of the complaining party have not been prejudiced thereby.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed February 12, 1910. Affirmed.

STATEMENT.

THIS action was commenced by the appellee in the district court of Allen county on the 19th day of August, 1907, to recover money for the value of services rendered by him for the cement company.

The petition contains three causes of action. The first cause of action recites that the defendant contemplated the erection of a cement plant in the vicinity of La Harpe, but before doing so wanted to secure oil-and-gas leases upon 15,000 acres of land in that neighborhood. The plaintiff was employed for the purpose of

obtaining options for these leases. The contract of employment was oral, but was afterward reduced to writing. The plaintiff alleges that by mutual mistake the written memorandum does not show the contract as orally agreed upon, and he asks to have it reformed so as to state the contract correctly.

The second cause of action states that the plaintiff secured the leases as he agreed to do. Many of them, however, contained options which expired within ninety days from date. The defendant employed the plaintiff to secure an extension of these options, which he did, and such services, it is alleged, were reasonably worth the sum of $1750.

The third cause of action states that the plaintiff, under an oral agreement, managed the drilling of wells upon the leased premises and that his services were reasonably worth $300. The written memorandum of the agreement stated in the first cause of action was attached to the petition as an exhibit.

The defendant filed a motion to require the plaintiff to elect upon which of the several causes of action contained in his petition he would rely, and to make his petition more specific and definite, which motion reads:

"(1) Come now the defendant the Union Portland Cement Company and moves the court for an order requiring the plaintiff to elect and definitely state in his amended cause of action whether plaintiff relies as a cause of action or ground for recovery upon the written contract set up in said amended petition after the same is reformed or whether the plaintiff relies upon an oral contract alleged in said amended petition to have been made on the ——— day of March, 1907; for the reason that plaintiff sets up and for ground of recovery alleged both an alleged written agreement and an alleged oral agreement made at the subsequent date from the written agreement.

"(2) Defendant further asks for an order of the court, in the event the plaintiff elects to stand upon the alleged written agreement, that all allegations and agreements contained in the fourth paragraph in the plaintiff's first cause of action which refers to and sets

out the condition of the alleged oral agreement be stricken out for the reason that the same is surplusage, redundant and irrelevant matter.

"(3) Defendant further asks for an order, in event plaintiff elects to stand to the alleged oral contract set out in the fourth paragraph of the amended petition, that all allegations, averments and statements relating to the alleged written agreement be stricken out as surplusage, redundant and irrelevant matter.

"(4) The defendant further moves the court that the plaintiff be required to specifically state whether the extension of the written agreement in the said fourth paragraph of plaintiff's amended petition as alleged was made by the same parties who made and executed the alleged written agreement."

This motion was denied. The defendant then filed an answer in which it denied that it made any oral agreement with the plaintiff for the services mentioned in the first cause of action and averred that the agreement was in writing, a copy of which was attached to the plaintiff's petition as "Exhibit A." It denied that any mistake or omission was made in the written contract, and averred that such written contract correctly stated the whole agreement. It further alleged that a settlement was made with the plaintiff and he was fully paid for all services rendered and had receipted in full therefor. A statement of the settlement and receipt of the plaintiff is attached to the defendant's answer.

The plaintiff filed a reply, in which he alleged that the settlement and payment as set forth in the answer was not a payment in full, but only in part.

Upon these issues the case was tried. The jury answered and returned with the general verdict the following special findings of fact:

"Ques. Did the plaintiff, S. E. Spillman, and the defendant company, through its president and general manager, make an unwritten agreement whereby plaintiff was to take leases for the defendant company? Ans. No.

"Q. Did plaintiff and R. C. Patterson, vice president and general manager of the defendant company, have a

conversation over the telephone regarding such compensation after the 22d day of January, 1907, and before plaintiff procured leases? A. We do not know.

"Q. At the date of January 22, 1907, could plaintiff read writing and typewriting? A. Yes.

"Q. At the date of May 14, 1907, could plaintiff read writing and typewriting? A. Yes.

"Q. On January 22, 1907, did plaintiff suggest changes to be made in the written contract after it was written? A. Yes.

"Q. Was not the written contract dated January 22, 1907, after it was written, changed at the suggestion of the plaintiff before it was signed? A. Yes.

"Q. Where was voucher dated May 14, 1907, signed by plaintiff? A. At T. J. Anderson's home.

"Q. Who was present at the time the voucher dated May 14, 1907, was signed by the plaintiff? A. S. E. Spillman, Mr. Patterson and Mrs. T. J. Anderson.

"Q. Did the defendant pay to plaintiff, on May 14, 1907, the full balance of plaintiff's demands for services as shown by voucher of that date? A. We believe he received payment in full for services rendered according to written contract of January 22, 1907.

"Q. Did the defendant make an agreement to pay plaintiff a commission of fifty cents per acre for all lands leased? A. No.

"Q. Did the defendant make an agreement to pay plaintiff for renewal of options? A. No, but he was told to do the work by R. C. Patterson.

"Q. If you find for the plaintiff, state what sum you allow for procuring leases, and for procuring renewals, and for superintending drilling. State separately. A. For procuring leases, $ . . . . . . ; for procuring renewals, $350; for superintending drilling, $250."

The general verdict reads:

"We, the jury impaneled and sworn in the above-entitled case, do, upon our oaths, find for the plaintiff and assess the amount of his recovery at the sum of six hundred dollars ($600)."

Upon this verdict a judgment was entered for the plaintiff for $600, and the defendant appeals.

*E. S. Slough,* and *Charles H. Apt,* for the appellant.

*H. A. Ewing, S. A. Gard,* and *G. R. Gard,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: The first and most important error of which the defendant complains is the refusal of the court to sustain the motion to require the plaintiff to elect between his several causes of action and to make his petition more definite and certain. It is conceded that a cause of action for the reformation of a written instrument and one for the enforcement of the instrument after it is corrected may be united in the same petition, but it is contended that when such causes of action are in their nature wholly unlike, as in this case, one being equitable and the other at law, they should be separately stated, so that each can be clearly understood and tried as if it constituted an independent action. In this claim we fully concur with the defendant, and think that the court might well have required the plaintiff to state separately his different causes of action and thus make the issues clear and specific. But this is not the proposition here presented. The question is, Did the refusal of the court to do so work material prejudice to the defendant? If not, there is no cause of complaint. Error which justifies a reversal must be material and prejudicial to the substantial rights of the complaining party. (Civ. Code 1909, § 581.) An examination of the whole record shows that all the questions involved in the controversy between these parties were fully and clearly presented to the jury by the instructions of the court, and the special findings of fact found by the jury indicate that each separate fact was clearly understood and answered without the least confusion or misapprehension.

Complaint is made that the court refused certain instructions requested by the defendant. The court, however, in other instructions presented the same questions

quite fully and fairly. Error, therefore, can not be predicated upon the refusal to give those requested.

The judgment seems to have been fairly reached, and we are unable to find any material error in the proceedings. The judgment is affirmed.