[No. 7356.]

HEPP WALL PAPER & MERCANTILE CO. v. DEAHL.

1. LANDLORD AND TENANT—*Notice to Quit*—It is not essential that the landlord's notice to quit should be upon a single piece of paper. Two papers, relating to the same matter, and served at the same time, are necessarily construed as one document.

2. ——*Forfeiture—Breach of Conditions—Waiver*—Landlord's acceptance of rent in ignorance of the tenant's violation of the conditions of the lease is no waiver of the condition, or the breach of it.

Nor is the acceptance of rent which matured before the violation of the condition.

3. ——*Landlord's Consent to a Particular Sub-Lease*, does not annul the tenant's covenant not to sub-let without the landlord's consent, nor does it warrant a sub-lease to a different tenant, without such consent.

4. ——*Return of Rent*—The landlord, declaring a forfeiture of the lease for the tenant's violation of its conditions, is not required to return any part of the rent matured and collected. The tenant violating the conditions of the lease loses both the term and the rent.

5. APPEALS AND WRITS OF ERROR—*Parties Restricted to Positions Taken Below*—Where, in wrongful detainer by landlord against tenant, the latter concedes, in the court below, due service of notice to quit, he will not be heard to question the sufficiency of the notice upon error.

*Error to Denver County Court.*—Hon. H. S. CLASS, Judge.

Mr. CLAY B. WHITFORD and Mr. HENRY E. MAY, for plaintiff in error.

Messrs. ELLIOTT & BARDWELL, for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

Defendant in error, on September 18, 1909, executed a written instrument, whereby she leased to plaintiff in error certain premises in the City and County of Denver until the 1st day of October, 1911. The lease was in the ordinary form. By the term thereof the rent was made payable in advance on the first day of each month, and the premises were not

to be underlet or the lease assigned without the written assent of the lessor first had and obtained thereto. The lessee, however, on August 1, 1910, underlet one of-the store-rooms covered by the lease, and the subtenant went into possession thereof. August 4, 1910, the lessee paid, and the lessor accepted the rent of the premises for such month. August 9, 1910, the lessor declared a forfeiture of the lease, because the lessee had underlet the premises without her consent, contrary to the terms of the lease, and served defendant with notice to surrender up possession of the premises to plaintiff within three days after the date of the notice. The lessee, refusing to surrender possession, a suit for unlawful detainer was instituted on August 15, 1910, by the lessor against the lessee, resulting in judgment in favor of the former, to which the latter prosecutes this writ of error.

Plaintiff in error contends: (1) That the notice served by the lessor upon the lessee is insufficient under the unlawful detainer act; (2) That the lessor, having accepted and retained the rent for the month of August, thereby waived the forfeiture; (3) That the court erred in refusing to permit plaintiff in error to prove that it had been authorized by the agent of the lessor to sublet the premises.

1. The alleged defect in the notice is based upon the "claim that the ground of demandant's right for possession of such premises" is not specified therein, and that it was not "a three days' notice" as required by the statute. Sections 2603 and 2605 R. S. 1908.

The record discloses a notice attached to the complaint which was served upon the defendant, demanding the possession of the premises within three days from its date, but does not state "the ground of demandant's right for possession." The complaint, however, alleges "that plaintiff has notified the defendant that by reason of the said underletting, the defendant has forfeited the terms of the lease and that the said lease was terminated," and the evidence discloses that at the time of the service of the notice hereinbefore mentioned, another notice

was likewise served upon defendant, and the answer "admits that on the 1st day of August, 1910, the defendant sublet the store-room" included in the lease, and "that the plaintiff notified the defendant that· because it underlet the store (room) * * * its lease was forfeited and terminated." Under these circumstances, we will presume that the notice met the statutory requirements and was not subject to the objection under consideration.

It was not essential that the entire notice be written upon one piece of paper; nor does the fact that the one served was in two parts render the notice invalid. The two parts were served at the same time, relating to the same subject, and must necessarily be construed as one instrument. As the portion of the notice attached to the complaint bears date August 8th, and was not served until the 9th, and demands possession within three days from its date, it is claimed that defendant had but two days in which to surrender possession of the premises. In answer, the plaintiff, in resisting an application for supersedeas, contended, that as the suit was not brought until the 15th day of August, the defendant actually had, at least, six days after the service of the notice in which to surrender possession of the premises.

Whether the date designated in the notice, or the date of service thereof is the true date of the notice, need not be determined herein. The suit was not instituted until, at least, six days after the service of the notice, and the action of the parties throughout the trial, until the finding of the court in favor of plaintiff, conclusively shows that the sufficiency of the notice as to the time allowed in which to surrender possession, was not questioned, but rather conceded. At the commencement of the trial, it was stated that the parties would agree upon certain matters. Counsel for defendant said: "There is no question about the service of the· notice. There is a controversy whether we forfeited the lease or not." Thereupon the controversy as to whether the lease was forfeited was confined solely to whether the lessor had consented

to the underletting of the premises; or, if she had not so con-
sented, whether she had waived the forfeiture by accepting the
rent for the month of August.  Such was the limitation placed
upon the inquiry by the defendant itself.  Having limited the
inquiry, neither party can be permitted, after the court or jury
has found the facts, to go beyond the issue thus made and
controvert that which has previously been confessed in the
record.

2.  The acceptance of the rent for the month of August
did not constitute a waiver by the lessor of the right to forfeit
the lease, arising by reason of the subletting of the premises
contrary to the terms of the lease.  "To make the acceptance
of rent a waiver of a forfeiture in a case where the lease pro-
vides for re-entry in the event of a breach of the obligation,
it must appear that the landlord had knowledge of the fact
that the condition was broken at the time he accepted the rent,
and it must further appear that the rent which he accepted
became due after the breach was committed by the tenant,"
is a rule which is well settled and has been approved by this
court.—*Mageon v. Alkire*, 41 Colo. 338, 343, 344.

We do not think the evidence shows that the landlord
had knowledge of the fact that the premises had been under-
let at the time she accepted the August rent.  It is true she
had heard a rumor to that effect, but immediately informed
her tenant that under no circumstances would she waive the
covenant in the lease, and permit the premise to be sublet to
"Japs," the supposed subtenants.  Moreover, the answer ad-
mits that it was on August 1st the premises were sublet, which
is the very day the rent for that month became due and pay-
able, whereas the rumor as to the subletting of the premises did
not reach the landlord until the 2d or 3d of the month.  More-
over, the lessor testified that she had no knowledge that her
tenant had sublet the premises on the date she accepted the
August rent.  Under these circumstances, we shall not inter-
fere with the finding of the trial court.

Plaintiff in error further contends, that the lessor could not forfeit the lease without first returning to the lessee the rent for the proportion of the month remaining after she ascertained that the premises had been sublet, and that the lessee could not be guilty of unlawful detainer prior to September 1st.

It is quite true that by payment of the rent to September 1st the tenant thereby acquired the right to remain in possession of the premises until such date. This right, however, was subject to forfeiture by the express terms of the contract of lease. The rental became due on the 1st day of August and was paid, thereby becoming the money and property of the lessor. We find nothing in the lease, nor do we know of any rule of law requiring the lessor to return it as a condition precedent to exercise the right of forfeiture vested in him by the terms of the contract.

3.  As we read the record, the court did not refuse to permit plaintiff in error to prove that it had been authorized by the agent of defendant in error to sublet the premises. On the contrary, the court expressly ruled that if plaintiff in error could do so, it would be permitted to prove that such agent had been empowered by the lessor to consent to the particular subletting in question. The court did decline to permit the plaintiff in error to show that some seven months prior to the subletting in question, the defendant in error had authorized her agent to consent to the subletting of a portion of the premises to a corporation engaged in the picture framing business. We think the court was right in its ruling. A consent to sublet the premises in one instance is not an annulment of the covenant not to sublet without the written assent of the lessor, but is no more than a waiver of the covenant in the particular instance, and in no sense extends to a subsequent underletting to another subtenant.—*Farr v. Kenyon, 20* R. I. 376.

We are satisfied the judgment of the trial court was right, and it is, therefore, affirmed.

*Judgment affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.