(79 Misc. Rep. 620.)

### KELLY v. STEM.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

1. LANDLORD AND TENANT (§ 22*)—LEASE—SUFFICIENCY.
   That the parties contemplated that within five days after the execution of a written lease the agreement should be expressed more precisely in another form of lease did not impair the validity of the original lease; it being a complete lease in itself.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 55–59; Dec. Dig. § 22.*]

2. LANDLORD AND TENANT (§ 213*)—BREACH BY TENANT—RECOVERY OF RENT.
   A tenant, who executed a written lease and made a payment thereunder on the first month's rent, could not, after himself breaching the lease, recover from the landlord the part of the rent paid.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 846–848, 850, 852, 854, 857–860; Dec. Dig. § 213.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by James E. Kelly against Alma C. Stem. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Samuel Bitterman, of New York City, for appellant.
James E. Kelly, of New York City, for respondent.

SEABURY, J. Plaintiff sues to recover $65 deposited with the defendant. The parties signed a written agreement wherein the plaintiff is referred to as the "tenant," and the defendant is referred to as the "landlord." This agreement recites that the defendant "hereby lets," and the plaintiff "the undersigned tenant hereby rents," a certain apartment in the premises No. 526 West 111th street, borough of Manhattan, city of New York, for a term beginning October 1, 1912, and ending September 30, 1913, at the rental of $780 per annum, payable monthly in advance. The agreement also contained the following clause:

"The tenant hereby agrees to pay the first month's rent and to sign 186 Blumberg form of lease within five days from this date, otherwise, this agree-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment may be canceled at the landlord's option.   Deposit paid on account first month's rent $65."

The agreement signed by the parties contained all the elements of a valid contract.

[1] The fact that it contemplated that within five days the agreement should be more precisely expressed in another form of lease did not impair the validity of the original contract.   Marcus v. Collins Building Construction Co., 27 Misc. Rep. 784, 57 N. Y. Supp. 737. The $65 was paid, as stated in the agreement, "on account first month's rent."   There is therefore no room for the claim that this money was deposited as security for the rent in a lease to be subsequently executed.

[2] The plaintiff, having entered into a written lease and paid something on account of the first month's rent and having broken his lease, has been permitted to recover a judgment for the part of the rent which he paid on account.   Such a judgment is contrary to law and cannot be permitted to stand.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.