[Civ. No. 5463.   Second Appellate District, Division One.—May 31, 1928.]

FREDERICK W. PIGG et al., Respondents, v. FREEMAN McG. KELLEY et al., Appellants.

Sidney J. Parsons for Appellants.

Evans, Pearce & Campbell for Respondents.

SHAW, J., *pro tem.*—The defendants appeal from a judgment against them. The record on appeal was prepared under section 953a et seq. of the Code of Civil Procedure. █ The appellants have printed in their brief the entire judgment-roll, but nothing purporting to be a statement of the evidence. However, the respondents concede that the evidence was entirely documentary and that all of the documents are set out in the findings, and hence we conclude that the parts of the record printed in appellants' brief are sufficient for a determination of the appeal.

To state very generally the nature of the controversy, this action was brought by the plaintiff Carrie D. Pigg, as purchaser of certain real property on which a lease was outstanding at the time of her purchase, to recover from the defendants, who were the sellers, rents which defendants had received under the said lease prior to the sale, and which said plaintiff claims under the provisions of the agreement of sale. From the findings the following facts may be gleaned: On May 1, 1922, the defendants, as owners of the real property above mentioned made a written lease thereof to Leo Kanner and Aaron Greshen for a term of five years, at the rental of $16,800, payable in monthly installments of $200 per month for the first year and $300 per month for the last four years. The lease contained the following provisions: "Receipt is hereby acknowledged of the payment of $800.00, representing the first and last two months' rent paid in advance; $600.00 of said amount to be retained as a forfeiture by the parties of the first part if the terms of the lease are violated."

█ The object of this action is to recover the sum of $600 mentioned in the quoted provision of the lease. Although the plaintiffs in their complaint alleged that said sum was a payment of rent, on this appeal they contend that it was a deposit by way of security, and that since it is such security, and they have taken an assignment of the lease and agreed to perform all of the lessor's covenants, they are entitled to the security. Defendants admitted by their answer, and still contend, that this $600 was an advance payment of rent. It thus appears that there was no issue

raised as to the nature of this payment—notwithstanding which, the court in its findings declared that said sum of $600 was paid as security for the faithful performance of the conditions of the lease. But since the entire lease was copied in the findings, this statement must be regarded as a mere legal conclusion, setting forth the opinion of the court as to the construction of the lease. We think the construction so. adopted is erroneous. The provision of the lease is that the $600 is ''rent paid in advance.'' This provision is not altered or affected by the later provision that it is to be retained by the lessors as a forfeiture if the terms of the lease are violated. Without the latter provision the lessors would be entitled to retain any advance payment of rent if the tenants' violation of the lease led to a termination thereof. ''Rent paid in advance cannot be recovered by the tenant upon the termination of the lease for condition broken, where such termination is not brought about by the wrongful act of the landlord.'' (*Wetzler* v. *Patterson*, 73 Cal. App. 527–532 [283 Pac. 1077, 1078].) To the same effect see *Curtis* v. *Arnold*, 43 Cal. App. 97 [184 Pac. 510]. If the provision as to forfeiture was intended to go further than this, it is void as an attempt to fix in advance the damages for a breach of contract. (*Green* v. *Frahm*, 176 Cal. 259 [168 Pac. 114]; *Wetzler* v. *Patterson*, *supra*.) These provisions of the lease are much like those under consideration in *Wetzler* v. *Patterson*, where it was held that the lease provided for the payment of rent in advance and that the provision as to forfeiture was inserted merely to declare the result which the law would work in case of an advance payment of rent. The difference between the two leases is merely that in the case last cited the advance payment was included in a specified sum to be paid upon the execution of the lease, with a subsequent provision that it should be credited upon the rental· due for the last three months of the term, and there was no other express provision for payment of rent for the last three months; whereas here the provision was for rent to be paid at fixed rates upon the first day of each month of the term, with a subsequent provision that the rent for the last two months is paid in advance. This difference is not sufficient to require a different construction of the two leases.

Adopting this construction of the lease we turn our attention to the facts upon which plaintiff claims the right to recover this $600 payment. On August 21, 1923, the plaintiff Carrie D. Pigg and the defendants entered into an agreement by which said plaintiff agreed to buy and defendants to sell the real property above mentioned, "Subject to a lease of record executed by Freeman McG. Kelley and wife in favor of Leo Kanner and Aaron Gershen, dated May 1, 1922, the vendee herein assuming all conditions and terms in said lease which have been heretofore assumed by the lessor herein." On the same date the same parties gave certain written escrow instructions to the Glendale State Bank regarding this sale. The instructions given in behalf of the buyer contained the following provision: "Subject to leases of record which I am to approve. I understand said leases are made in favor of my grantors and you will hold for me an agreement whereby my grantors agree to assign all their interest in said leases to the above grantee when the deed to said grantee is filed, and that all rents collected under said leases are to be paid to said grantee from Aug. 21, 1923. Pro rate insurance as of August 21, 1923. Pro rate rents as of August 21, 1923, based on rent statement handed you by my grantors." ■ The agreement and the escrow instructions show by their terms that they relate to the same sale and the instructions refer to the agreement; hence these several instruments must be considered and construed together to ascertain the whole contract between the parties (Civ. Code, sec. 1642), and the clause just quoted from the instructions must be taken as a part of that contract. The contentions of the respective parties here are based on different constructions which they give to this clause. The last sentence, calling for rents to be prorated, must, of course, be read with the preceding provision that rents are to be paid to the grantee. ■ It appears to us that these two provisions are merely different statements of the same intent, and that both are qualified by the words "based on rent statements handed you by my grantors," found in the later provision. The question at once arises, what rent statement is thus referred to? Looking further into the findings we discover that on August 15, 1923, the defendants, who are the grantors referred to in the escrow instructions, "submitted a rent statement,

as called for by the escrow agreement, into the said escrow at Glendale State Bank.'' Following this statement in the findings is a document dated August 15, 1923, which begins with a receipt for $1,000 as a first payment on the sale of the property already mentioned, after which, under the heading ''Rent Statement,'' is a schedule signed by defendant Freeman McG. Kelley, listing eight rooms or apartments, with the name of the tenant, the amount of rent, and the date to which rent is paid, stated after each, the statement as to the property subject to the lease above mentioned being ''Store, Tanner, rented at $300.00 per month, paid to September 1, 1923.'' To our minds this statement is clearly the document referred to in the escrow instructions. It had already been delivered into the escrow and was therefore before the parties when the escrow instructions were given. It is exactly such a document as the instructions called for, and while it is signed by only one of the defendants, yet, according to the findings it was submitted by ''the defendants,'' and the one who signed it was acting for both defendants in giving the escrow instructions. This instrument must therefore be referred to in order to ascertain what rents are to be pro rated and paid to the plaintiffs. Looking at it we find that the rents sued for are not mentioned, and hence plaintiff is not entitled to recover them.

The judgment is reversed and a new trial ordered.

Houser, Acting P. J., concurred.

York, J., dissented.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 30, 1928.

All the Justices present concurred.