[Civ. No. 5407. Second Appellate District, Division One.—November 7, 1928.]

MORRIS GORDON et al., Respondents, v. ADELE HARRIS, Appellant.

The facts are stated in the opinion of the court.

Harry Lyons for Appellant.

H. B. Cornell and G. C. DeGarmo for Respondents.

YORK, J.—■ This is a suit in unlawful detainer, brought against an assignee, who holds under a third assignment of the original lessee, after failure to pay rent after service of a three-day alternative notice to pay rent or quit, the property being then held under such assignment of lease, and originally the only question raised by appellant in this case was, that a sum of five thousand dollars had been received by the owner of the land by way of security only, and not by way of payment of the rent for the latter portion of the period of the lease.

This case is different from the average case in this regard in that the sum of five thousand dollars was not cash paid directly by the original tenant, but was a sum to be deducted from the cost of the construction of the building leased, which building was in course of construction by the original tenant, as a contractor. The phrase-

ology of the lease as to the five thousand dollars is as follows:

"It is understood and agreed that heretofore another agreement was entered into between the said parties wherein the said lessee agrees to construct and build for the said lessor a certain building on which building this lease is given, in accordance with the plans and specifications agreed · between the parties hereto and which said building shall be of the total amount of forty-five thousand ($45,000.00) dollars, and in a manner as described in said agreement between the contractor and the owner, it is agreed that the sum of five thousand ($5,000.00) dollars shall be left unpaid to the contractor as security of the said contractor, the lessee in the lease herein, shall faithfully and substantially comply with the terms agreed in the said lease, and the said sum of five thousand ($5,000.00) dollars, together with the six per cent interest, agreed in the said contract to be paid by the said owners to the said contractor, shall be applied by the said owners in payment of the last nine (9) months rent and further apply the balance for that portion of the tenth month of the last year of said tenancy, as the amount will bear."

If it were not for the words "as security" and "shall faithfully and substantially comply with the terms agreed in said lease" there would probably have been no controversy between the parties with reference to what was meant. If the five thousand dollars had been paid in cash by the lessee instead of paying the sum by deduction in the cost price of the building, and if this action was defended by the original lessee, the matter would be more simple than it is in its present state. However, there is a direct provision that the five thousand dollars to be thereafter deducted from the contract price, *shall* be applied by the owners in payment of the last nine months' rent, and further apply the balance for that portion of the tenth month of the last year of said tenancy as the remaining amount will bear, the interest of six per cent also to be credited on said tenth month—this provision of the lease therefore leaves *nothing* to be applied as *security* for *any other payments whatever*. Nothing is said about any deductions for any rent due for any of the previous months' rental and in case of a deduction in the amount of the rent

due at the time this action was brought, there would not be sufficient funds for the payment of but a small portion of the said last months specified, and nothing for application on the tenth month at all.

The trial court must have assumed that what was meant by the lease was exactly what is stated in a definite and positive portion of said lease as to said five thousand dollars, to wit· "that it shall be applied."

"Shall" is, in the form in which it is used, a positive, mandatory statement, therefore the determination of the trial court in reference to the matter of the five thousand dollars having been received and credited on account of the rental for the last months, and that therefore, under the authority of the cases hereinafter cited, no portion of the five thousand dollars could be looked upon as security for the payment of the rent which was due at the time this action was brought, was correct. The words "as security of the said contractor," etc., may have been inserted on the theory that if the money was actually so applied then the said *contractor* would be more liable to comply with the other terms of the lease. It might not apply to anyone holding under assignment from him.

As quoted in *Wetzler* v. *Patterson,* 73 Cal. App. 527 [238 Pac. 1077] : "Provision is sometimes made in a lease for the payment in advance of the rents of the last or latter periods of the lease, and such a provision has been held not to be a security merely for the lessee's performance of his agreements in the lease, but purely a payment of rent in advance, and therefore may be retained by the lessor though he terminates the lease for the default of the lessee as provided for in the lease. (16 R. C. L. 931.)"

In the instant case, we have the word "security" used and in *Wetzler* v. *Patterson, supra,* they had the words "forfeited" and "reserved" to complicate the meaning— but the rule above stated from Ruling Case Law and quoted by the court in the opinion in *Wetzler* v. *Patterson* referred to "security." We have attempted to adopt the reasoning used by the court in that case in interpreting the lease in the case now before this court.

At the time of the oral argument it was suggested to the court for the first time that the rule laid down in the case of *Telegraph Avenue Corp.* v. *Raentsch,* 205

Cal. 93 [269 Pac. 1109], should also be considered by this court, and it was practically conceded by respondent, upon the oral argument, that this decision would be determinative of the question as to whether any rents could be charged against the tenant after the time the receiver took possession of the property. The case cited does not seem to us to be as unusual a determination as the attorneys on both sides seemed to feel in their argument, but rather an ordinary common-sense rule that when a receiver is in possession collecting the rents, having been appointed at the instance of the plaintiff, and the plaintiff recovering final judgment in which it is held that at the time the receiver was appointed the defendant was in unlawful detainer, that thereafter if the defendant does not pay up all of the rents found due, and the ouster, which took place when the receiver was appointed becomes a permanent ouster, that is, that the tenant does not elect to pay the amount of rent found due and thus again take possession of the property, that his tenancy had ceased immediately upon the appointment of the receiver, then under such circumstances, all rents received by the receiver, as and for rents during his occupancy, are then to be accounted for, and the net proceeds paid to the owner of the property, and the tenant having been found in unlawful possession, cannot, of course, be found to be entitled to any part or portion of such rents, and, therefore, could not be required to pay any part or portion of the rental during the possession of such receiver.

The trial court is ordered to amend its judgment by deducting from the judgment all of that part of the rents which accrued after the date the receiver took possession, November 23, 1925, and the cause is remanded to the trial court for that purpose. It is further ordered that the judgment, when so amended, be affirmed.

Conrey, P. J., concurred.