Argued December 18, 1929; reversed May 1; rehearing denied June 17, 1930

SINCLAIR *v.* BURKE ET AL.

(287 P. 686)

*Oscar Furuset* of Portland for appellants.

*Jesse G. Warrington* of Portland for respondent.

BEAN, J. This is an action to recover from defendants $1,200, which plaintiff paid them in advance in payment of the last six months' rent, less $585, rent due at the time of the termination of the lease.

The cause was tried to the court without the intervention of a jury. Judgment was rendered in favor of plaintiff for $615, from which defendants appeal.

The parties entered into a written lease on October 17, 1924. At the time the plaintiff was occupying the garage premises under a lease which expired December 31, 1925. The term of the new lease was from January 1, 1926, to December 31, 1930, for the agreed rental of $200 per month, payable in advance. The lease, which is exhibited with the complaint, in addition to the covenant on the part of the plaintiff to pay the rent promptly, contained the following provision:

"In addition to the above mentioned rentals said lessee is to pay to said lessor the following payments at times specified herein to apply on the last six months' rental totaling twelve hundred ($1,200) dollars, as follows:"

Then follows the dates and manner of payments, the last instalment of which became due and payable on or before January 15, 1926.

The testimony tends to show that in consideration of the plaintiff making certain improvements upon the premises, it was mutually agreed that the rentals should be reduced to $175 per month and that plaintiff paid defendants on that basis up to about May, 1927, there being $585 accrued rentals in arrears at the time of the termination of the tenancy, about August 25,

1927. See *Sherman, Clay & Co. v. Buffmun & Pendleton,* 91 Or. 352 (179 P. 241) ; 35 C. J., p. 1170, § 448.

There was a dispute in the testimony in regard to the reduction of the rent, the defendant claiming that the $25 per month was only deferred until the latter part of the term. This question is foreclosed by the finding of the trial court, which has the force and effect of the verdict of a jury and there being some competent evidence to support such finding, it can not be disturbed.

In August, 1927, defendants attempted to collect the rent in arrears, for May, June, July and August. Plaintiff declared he could not pay the rent he owed, and that he was quitting the place. Plaintiff, as soon as he sold the gas in the tank on August 27, 1927, turned the keys over to Mr. Burke and quit the premises, and defendants took possession thereof and leased the same to other parties.

Defendants assign that the court erred in rendering judgment in favor of plaintiff and also in refusing to render judgment in their favor upon their counterclaim for the rent in arrears. The questions are raised by appropriate motions and requested finding of facts.

It is contended by defendants that the payment of the $1,200, as rentals for the last six months of the term of the lease, was simply a payment of the rent in advance for that time and can not be recovered by plaintiff.

Plaintiff contends, in effect, that the $1,200 was a deposit as security for the last six months' rentals and to be applied "when the same shall become due and collectible" and should not be forfeited. Citing *Cunningham v. Stockon,* 81 Kan. 780 (106 P. 1057, 19 Ann.

Cas. 212), and other similar authorities. It is agreed that the question in regard to the return of the $1,200 is one of law.

■ That sum was paid by plaintiff to defendants pursuant to his covenant in the lease to do so, which money was to be applied upon the last six months' rent. The money thereby became the absolute property of defendants. It was simply an absolute payment of rent in advance as stipulated by plaintiff in the lease. It was not a deposit as security for the performance of the agreement. The statement in plaintiff's brief in regard to the $1,200 "to apply on the last six months' rental, *when the same shall become due and collectible*," contained the words, which we have italicized, that are not found in the stipulation of plaintiff in the lease.

■ To construe the agreement as if it contained such language would be making a new contract for the parties, which the court can not do: 13 C. J., p. 541, § 513.

■ The general rule deducible from the cases involving the right of a landlord to retain rent paid by the tenant in advance, in the event of the termination of the lease, is that in the absence of provisions therefor, rents paid in advance can not be recovered by the tenant upon termination of the lease, unless such termination was wrongful as against such tenant: 50 L. R. A. (N. S.) p. 1034, note; 36 C. J., p. 340, § 1149; 16 R. C. L. p. 1137, § 658, see also p. 931, § 438; *Moumal v. Parkhurst,* 89 Or. 248 (173 P. 699); *Rockwell v. Eiler's Music House,* 67 Wash. 478 (122 P. 12, 39 L. R. A. (N. S.) 894); *Galbraith v. Wood,* 124 Minn. 210 (144 N. W. 945, 50 L. R. A. (N. S.) 1034, Ann. Cas. 1915B, 609).

The principle involved was enunciated by Mr. Justice RAND in the case of *Phegley v. Enke's City Dye Works,* 127 Or. 539 (272 P. 898 at page 900), in the following language:

"The effect of a valid surrender of a lease is to discharge the lessee from the payment of any rent thereafter to become due, but it does not have the effect of releasing the lessee from his liability for any sum then due."

In the present case the $1,200, the rentals for the last six months of the lease, was due and payable on the dates mentioned in the lease. It was paid on or about such dates, which was long prior to the termination of the lease.

16 R. C. L., p. 1137, § 688, reads in part thus:

"The liability for rent accrued at the time of the forfeiture is not, however, affected thereby, and, according to the generally accepted view, this includes liability for accrued rent though it is payable in advance, and the forfeiture occurs before the period to be covered by such advance payment, and a fortiori where rent has been paid in advance, under an agreement that it shall be so paid, and the lessor re-enters for conditions broken, he is entitled to retain the rent so paid."

In *Rockwell v. Eiler's Music House,* supra, the court said, at page 895 of the case in 39 L. R. A. (N. S.):

"It is not important whether the matter set forth in the complaint be treated as a re-entry and termination of the lease for the nonpayment of rent or a surrender. In either case, there was a termination of the relation of landlord and tenant, and the right of the landlord to accrued rent was fixed and determined by the terms of the lease."

The plaintiff in the case of *Galbraith v. Wood,* 124 Minn. 210 (144 N. W. 945, 50 L. R. A. (N. S.) 1034,

Ann. Cas. 1915B, 609), brought the action to recover from defendant the sum of $20,000, which the tenant had agreed to pay defendants as advance rent, and did pay him. The tenant became bankrupt and the landlord thereupon declared the lease terminated and took back the property. The supreme court of Minnesota held that the landlord was entitled to keep this money, that it was paid to him under an agreement of the tenant. As shown on page 1039 of 50 L. R. A. (N. S.), the court said:

"In case the rent has been paid in advance under a stipulation that it shall be so paid, and the landlord re-enters for conditions broken, even in the absence of an agreement to that effect, the landlord is entitled to retain the rent so paid, though the re-entry is before the expiration of the period for which the rent was paid: *Hepp Wall Paper & Mercantile Co. v. Deahl,* 53 Colo. 274 (125 Pac. 491). Even where the rent has not been paid, though according to the lease it was payable in advance, the weight of authority is that the landlord may recover the rent for the whole period for which it was due, though he re-enters on the day after it falls due": I Tiffany, Landl. & T. 1179, 18 Am. & Eng. Enc. Law 302 and cases cited.

And concludes its opinion thus (1040):

"We hold that the $20,000 payment was made as an advance payment on the rent for the third, fourth and fifth years of the term; that it was the default of the tenant that prevented his right to have the payment so applied; and that neither he nor plaintiff, who of course stands in his shoes, can recover back the payment so made."

Practically on all fours with *Galbraith v. Wood* is the case of *Evans v. McClure,* 108 Ark. 531 (158 S. W. 487), wherein the lease provided for the payment in advance of the rent for the last three months of the

term, and in which it was held that the lessee's assignee could not recover back the advanced rent upon termination of the lease for default in payment of rent for prior months, at least in the absence of any provision in the lease for return thereof upon termination of the lease before the period for which the rent was advanced.

There was no allegation in the complaint, nor is it shown by the evidence that it was the fault or default of the defendants which prevented the plaintiff from occupying the leased premises during the last six months of the term specified in the lease. The plaintiff quit and surrendered the premises for the sole reason that he could not pay the stipulated rent. In order to entitle the plaintiff to a return of this money, under the facts in this case, the lease should have contained a specific agreement that the defendants would return the same. The lease did not contain such a stipulation.

The judgment of the circuit court must be reversed and a judgment entered in favor of defendants and against plaintiff for the sum of $585, with interest at 6 per cent per annum from August 27, 1927, until paid.

CosHow, C. J., and McBride, J., concur.