## HARGROVE *v.* MARKS ET AL.

[No. 15,315.  Filed April 22, 1937.]

*Joseph Collier* and *Jackson & Hinchman,* for appellant.

*Dailey, O'Neal, Dailey & Efroymson* and *Charles L. Tindall,* for appellees.

CURTIS, J.—This was an action brought by the appellant to recover money paid by him pursuant to the following provision in a lease: "3. Lessee hereby agrees to pay Lessors the sum of One Hundred Dollars ($100.00) a month for thirty-seven (37) months, and $50.00 at the beginning of the thirty-eighth (38th) month, the first payment to be made on September 1, 1923, and the aggregate payments under this clause to be $3,750.00. It is hereby agreed that said sum of $3,750.00 when paid, shall constitute the payment of the last three months rental of the ten-year period provided herein. Upon the payments so made, the Lessors agree to pay Lessee interest at the rate of six per cent (6%) , payable semi-annually, said interest to be paid on each payment from the time it is made until the respective rentals for the last three months become due." Clause 5 of the lease makes reference to the subject-matter of this litigation and we now set it out. "5. The lessee covenants that if the rent provided by this lease or any part thereof shall be unpaid when due, or if the Lessee shall fail to perform any of the covenants, conditions, provisions or agreements herein contained, then and in each and. every such case, the term hereby granted shall immediately cease, determine and come to an end at the option of the lessors, and the lessors may recover and resume possession of the leased premises. PROVIDED, however, that if the lessee under subdivision 3 of his covenants herein, has

paid the $100.00 per month payments as agreed (to be applied on last 3 months of lease) and at the time of default in the payment of the regular monthly rental, has paid on said $100 payments a sum sufficient to equal the regular payment due, then lessee shall have thirty (30) days in which to pay said regular monthly rental before said lease shall cease, terminate or come to an end, but under such circumstances the lease shall cease, terminate and come to an end if the regular monthly rental is not paid within thirty (30) days from the date due."

To the appellant's amended complaint the appellees Marks and Marks filed an answer in general denial and also a second paragraph wherein they alleged the lease contract had been by them assigned to and the money paid to the appellee, When Building Company. To the second paragraph of answer of the appellees Marks and Marks, the appellant filed a reply in general denial. The appellee When Building Company also filed an amended counterclaim against the appellant alleging therein that the appellant was indebted to it concerning matters growing out of and connected with the lease contract and praying judgment against the appellant for $17,-757.50. The appellant filed an answer thereto in general denial.

The issues of law and fact presented by the appellant's amended complaint and the appellees' answers thereto were decided in favor of appellees. And the issues of law and fact presented by the amended counterclaim of the appellee When Building Company and the appellant's answer thereto, were decided in favor of appellant.

The judgment entered below was that the appellant take nothing by his amended complaint; that When Building Company take nothing by its counterclaim and that the appellees recover their costs.

In substance, the first paragraph of appellant's amended complaint charged that the appellees Marks and Marks by their certain lease contract demised to the appellant for a term of ten years, certain real estate in Indianapolis at an annual rental of $12,000.00 for the first three years of the term, payable in installments of $1,000.00 per month, and in addition to the current rental the lease required the appellant to deposit with said appellees the further sum of $100.00 per month for the first 37 months of said term and $50.00 for the 38th month thereof, aggregating $3,750.00. Said deposits to be held by the appellees Marks and Marks and applied in payment of the last three months' rental of said ten-year term. The appellees Marks and Marks to pay the appellant 6% per annum interest on said several sums calculated from date of payment to date of said last three months of said term. A copy of the lease is filed with and made a part of the paragraph as an Exhibit marked "A."

That the appellant in conformity to the stipulations of said lease paid appellees Marks and Marks the several current monthly rentals accrued under said lease, including the June, 1926, installment; and also in conformity to the terms of the lease, deposited with appellees Marks and Marks for each month of the period commencing September 1, 1923, to and including the month of June, 1926, the amount of $100.00 for each of said months, said several sums aggregating $3,-400.00, which fund by stipulation in the lease, was to be held by appellees Marks and Marks and applied on last three months' rent of said term as and when such rents accrued.

By express stipulation of the lease, it is provided that if any current monthly rental be not paid within thirty days after due, the lessors could forfeit and annul the leasehold estate.

That the appellees Marks and Marks assert that they assigned all their right and interest arising under said lease to their co-appellee When Building Company, and all payments were made by check to Marks and Marks and that the appellant had no notice of the alleged assignment. That appellant did not pay the monthly rentals due on first of July and August, 1926, and on August 25, 1926, the appellees elected to and did forfeit the leasehold estate, re-entered, and ejected the appellant from the premises, and thereby abrogated the appellant's covenant to pay rent from and after August 25, 1926. That on August 25, 1926, there was due the appellees for principal and interest for July, 1926, rent, the sum of $1,010.45, and the twenty-five days of August, 1926, rent the sum of $778.75, aggregating $1,789.20, which amount was properly chargeable against the aforesaid sum deposited by the appellant with the appellees Marks and Marks. That interest on the amount so deposited in the sum of $377.50 had accrued to said last named date and was unpaid, and there was due the appellant on August 25, 1926, for principal and interest on account of said sums so deposited, $3,777.50, and after deducting the July and August, 1926, rent, there remained due appellant on said date the amount of $1,988.30, which sum with interest thereon is due the appellant from the appellees, and that demand has been made for the payment thereof and payment refused. Appellee When Building Company asserts title to said fund and is made a party to determine said question. The prayer of said paragraph is for $2,700.00, and all proper relief. There was a second paragraph of complaint for money had and received based upon the same facts alleged in the first paragraph of amended complaint.

We now quote from the appellant's brief his statement as to the said lease as follows: "Exhibit A to first

paragraph of amended complaint, or the lease contract, is voluminous, and major portion thereof has no bearing whatever on question presented by this appeal and under the rules of this court appellant only sets forth in substance or verbatim that portion thereof germane to question involved, and being as follows: Appellees H. B. and Isaac Marks as lessors leased to appellant as lessee certain real estate for a term of ten years from September 1, 1923, at an annual rental of $12,000.00 for the first $6\frac{1}{4}$ years and $15,000.00 per annum for the last $3\frac{3}{4}$ years thereof. The lessors agreed to make certain improvements and alterations on the premises at their expense, and to have same completed on or before September 1, 1923, or pay penalty of $50.00 per day for the period lessees should be kept out of possession thereof. The lessee was obligated to pay $7\frac{1}{2}\%$ interest per annum on all installments of rent not paid when due for the period the same remained past due, and it is further stipulated verbatim therein as follows: (We here omit quoted sections 3 and 5 of the lease for the reason that they have heretofore been set out.)

There is no other stipulation in the lease material to questions presented by this appeal. The lease contained no stipulation which required lessee if leasehold estate was forfeited for breach of the lease, on his part, to pay rent after forfeiture, or to pay diminution between the rent reserved and rent received under a new lease nor was the lessee obligated to pay any other sum whatsoever. The appellant seasonably filed a motion for a new trial which was overruled with an exception and this appeal thereafter prayed and perfected. The only error assigned is the ruling on said motion. The causes of the motion which are presented are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The first question for the trial court to decide was

whether or not the appellant should recover the moneys paid pursuant to said clause three of the lease which we have previously set out. If the appellant was entitled to recover said moneys then the second question for determination would be against whom should said recovery be had? If the first question be determined against the appellant then the determination of the second question would be unnecessary. The trial court found against the appellant upon the said first question. The question in this court, under the assignment of error, is whether or not such decision is sustained by sufficient evidence and is or is not contrary to law.

It is to be noted that the appellant in his brief refers to the said moneys paid by the appellant as a sum or sums *deposited* and as a *deposit*. But the lease under which the payments were made does not refer to these payments as a deposit or as sums deposited. The sums so paid are referred to in the lease as payments, that is to say, as advance payments of rent and not as deposits for security. The parties had a right to make that kind of a contract.

The law is clear and with little or no conflict in the decisions that where a lessee has paid rent in advance and the lease is terminated because of a default of the lessee prior to the period for which the rent has been paid, the lessee may not, in the absence of some other controlling factor, recover such rent from the landlord. See: *Evans V. McClure* (1913), 108 Ark. 531, 158 S. W. 487; *Wetzler* v. *Patterson* (1925), 73 Cal. App. 527, 238 Pac. 1077; *McArthur* v. *Kluck* (1925), 75 Cal. App. 785, 243 Pac. 453; *Pigg* v. *Kelley* (1928), 92 Cal. App. 329, 268 Pac. 463; *Gordon* v. *Harris* (1928), 94 Cal. App. 682, 271 Pac. 779; *Weinreich* v. *Vernon* (1930), 109 Cal. App. 60, 292 Pac. 651; *Hepp Wallpaper & Mercantile Co.* v. *Deahl* (1912), 53 Colo. 274, 125 Pac. 491; *Schoen* v. *New Britain Trust*

*Co.* (1930), 111 Conn. 466, 150 Atl. 696; *Casino Amusement Co.* v. *Ocean Beach Amusement Co.* (1931), 101 Fla. 59, 133 So. 559; *Galbraith* v. *Wood* (1914), 124 Minn. 210, 144 N. W. 945, 50 L. R. A. (N. S.) 1034; *Thomas Peebles & Co.* v. *Sherman* (1921), 148 Minn. 282, 181 N. W. 715; *Phegley* v. *Enke's City Dye Works* (1928), 127 Ore. 539, 272 Pac. 898; *Sinclair* v. *Burke* (1930), 133 Ore. 115, 287 Pac. 686; *Forgotston* v. *Brafman* (1903), 84 N. Y. Supp. 237; *Kelly* v. *Stem* (1913), 140 N. Y. Supp. 486; *Collier* v. *Wages* (1922), (Tex.), 246 S. W. 743; *Rockwell* v. *Eilers Music House* (1912), 67 Wash. 478, 122 Pac. 12, 39 L. R. A. (N. S.) 894; Tiffany on Landlord and Tenant, p. 1099; 16 R. C. L. 931.

The appellant contends, however, that since there was an agreement of the parties in the lease requiring the landlord "to pay lessee interest at the rate of six per cent (6%), payable semi-annually, said interest to be paid on each payment from the time it is made until the respective rentals for the last three months become due" that said agreement is such a controlling factor as to take the case out of the rule announced in the previous paragraph of this opinion and as announced in the decisions cited thereunder. At most such an agreement to pay interest raises a presumption only that the sum or sums on which the interest is to be paid is a deposit only. This presumption, however, yields to the direct contract of the parties to the effect that the payments are not deposits but are in fact advance payments of rent. We believe that the trial court is abundantly sustained in its decision in the instant case. See: *Evans* v. *McClure, supra; Gordon* v. *Harris, supra; Phegley* v. *Enke's City Dye Works, supra; Rottger* v. *Delta Delta Delta Realty Corporation et al.* (1934), 98 Ind. App. 680, 184 N. E. 412, and *A-1 Garage* v. *Lange Investment Company* (1935), 6 Cal. App. (2d) 593, 44 Pac. (2d) 681.

Moreover the record discloses that the landlord expended something more than $18,000.00 in preparing the demised premises for the lessee's occupancy and bound himself to pay a liability of $50.00 a day for each day the premises were not ready for occupancy and did actually pay the lessee thereunder the sum of $1,200.00. The trial court permitted evidence of these matters to be introduced. They tended to cast light upon the intention of the parties and would lend support to the conclusion that the landlord would naturally in the lease require the higher protection of having the sums of money paid be agreed upon as payments of rent and not recoverable back rather than the lower protection of agreeing that they should be deposits only and recoverable back. There is no assignment of error that challenges the action of the court in admitting such evidence. See: *Harvey* v. *Weisbaum* (1911), 159 Cal. 265, 113 Pac. 656; *Schoen* v. *New Britain Trust Company, supra.*

It becomes unnecessary, under the conclusion we have reached, to discuss the second question heretofore pointed out.

The motion for a new trial was correctly overruled. Judgment affirmed.