[Civ. No. 2201.    Second Appellate District.—February 14, 1917.]

ADOLPH RAMISH, Respondent, v. ELMER N. WORKMAN et al., Appellants.

LANDLORD AND TENANT—AMOUNT PAID IN ADDITION TO RENT—BONUS—CONSTRUCTION OF LEASE.—Under a lease of property for the term of ten years providing that the lessees "will pay to the lessor as a further consideration for this lease in addition to the rent hereinabove reserved the sum of $7,200, receipt of which is hereby acknowledged by the lessor," and that, if the lessees should pay the rent reserved when due, and perform and observe the agreements of the lease for the first nine years, seven months, and twelve days, and the lease shall not be terminated within such period by the re-entry of the lessor, he will credit the sum of seven thousand two hundred dollars upon the remainder of the term, such sum is not to be construed as security for the payment of the rent reserved during the time ending with the eviction of the lessees for non-payment of rent and any damages sustained, but as in the nature of a bonus or additional consideration for the lease of the premises.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Williams, Goudge & Chandler, I. Henry Harris, and Daniel M. Hunsaker, for Appellants.

Olin Wellborn, Jr., and Alfred H. McAdoo, for Respondent.

SHAW, J.—This controversy grew out of a lease of property made by plaintiff to defendants Workman and Sturm and their assignors, for a term of ten years, for the sum of one hundred and eighty thousand dollars, payable in advance in monthly installments of one thousand five hundred dollars.

Default was made in the payment of the rent due December 1, 1912, whereupon plaintiff instituted a proceeding in unlawful detainer for restitution of the property and recovery of the rent then due for said month, for which judgment was rendered on January 31, 1913, pursuant to which, notwithstanding an appeal perfected therefrom by defendants, they were evicted from the property on February 10th following.

The present action, filed April 26, 1913, was to recover the rent for the period extending from January 1st to February 10th, during which the premises were held and occupied by defendants, and for which judgment in the sum of two thousand dollars was rendered in favor of plaintiff, from which, and an order denying their motion for a new trial, both Workman and Sturm, as defendants, and the former also as cross-complainant, appeal.

The lease provided, among other things, that upon default in payment of the rent reserved, the lessor, at his option, might enter upon the demised premises and remove all persons therefrom. By another provision it was agreed that the lessees "will pay to the lessor as a further consideration for this lease in addition to the rent hereinabove reserved the sum of seventy-two hundred dollars, receipt of which is hereby acknowledged by the lessor"; and "that if the lessees shall pay the rent herein reserved when the same becomes due hereunder, and shall well and truly perform and observe all the covenants and agreements herein contained on their part to be performed and observed, during the first nine years, seven months and twelve days of this lease, and this lease shall not be terminated by the re-entry of the lessor as hereinafter provided within said period of nine years, seven months and twelve days, he will credit the sum of seventy-two hundred dollars hereinafter provided to be paid to him by the lessees upon the last four months and eighteen days' rent under this lease."

While appellants admit that they occupied the premises during the month of January and up to February 10th, the rent for which period under the terms of the lease was two thousand dollars, they insist their obligation to pay the same was fully adjudicated in the action for unlawful detainer, wherein judgment was rendered for one thousand five hundred dollars, which judgment they claim constituted a bar to the maintenance of this action. At the trial it was in substance stipulated that in the unlawful detainer action no claim was made for any damages, nor for rent, other than one thousand five hundred dollars due for the month of December, for which and the restitution of the premises judgment was rendered, but not executed as to restitution until February 10th. The action did not involve the rent for the period extending from January 1st to February 10th, nor was there any judgment

therefor rendered. Moreover, this judgment was not final, for the reason that an appeal was perfected therefrom, and hence, there being no final determination of the question as to plaintiff's right to forfeit the lease, the question was left as though it had never been tried, even though no stay was directed by the court as provided in section 1176 of the Code of Civil Procedure. Hence, so long as defendants continued to occupy the premises, pending the final determination of the action for unlawful detainer, the lease constituted the measure of their liability for such time as they remained in possession.

Appellants' chief ground for a reversal, and upon which they devote much of their argument, is based upon the provision of the lease pursuant to which they paid plaintiff seven thousand two hundred dollars, claim to which is asserted in both the answer and cross-complaint. Notwithstanding the plain language in which the provision is couched, the meaning of which, to our minds, admits of no controversy, they insist that it should be construed as security for the payment of the rent reserved during the time ending with their eviction and any damages sustained by plaintiff; that when the landlord elected to evict defendants from the premises for nonpayment of rent he waived all claim to the seven thousand two hundred dollars, except in so far as it was necessary to apply it in payment of rent then due or accrued. As stated in *Dutton* v. *Christie,* 63 Wash. 373, [115 Pac. 857], where a similar question was involved: "We cannot agree with this contention without in effect writing a new contract for the parties." Clearly, the seven thousand two hundred dollars was paid for a ten-year lease of the premises, upon the conditions and terms specified therein. Defendants parted with the money, not as a penalty or as security, but as a payment the consideration for which was the execution of the lease on the part of plaintiff. The title thereto passed absolutely to the lessor, unaffected by the fact that he agreed, upon the performance of certain conditions by defendants, to give them credit therefor. The conditions were never performed by defendants, and hence they could have no claim to the fund. The authorities which appellants cite in support of their contention all appear to have been cases where the deposit was made with the lessor upon the execution of the lease as security for the payment of the rent, and in such cases, upon the lessor evicting the tenants, it is uniformly held that he cannot assert

claim to the amount so deposited, over and above rent due, with damages sustained. The cases cited by appellants involve deposits made as "a guaranty," "as indemnity," as "a penalty," "for security," etc., and hence are readily distinguished from the case at bar. This view finds full support in the case of *Dutton* v. *Christie*, 63 Wash. 373, [115 Pac. 857].

The provisions of the lease in question hereinbefore quoted should be interpreted in accordance with the plain import of the language used, and thus construed it is clear that the parties intended the seven thousand two hundred dollars to be in the nature of a bonus or additional consideration paid the lessor as an inducement to make the lease upon the terms and conditions therein contained; and, as stated, the fact that upon the performance of all the covenants and agreements contained in the lease to be performed by the lessees during the first nine years, seven months, and twelve days of the term thereof, he promised in effect to release them from the payment of rent at the rate of one thousand five hundred dollars per month for the last four months and eighteen days of the term so demised, furnishes no reason for appellants' contention.

The judgment and order appealed from are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 12, 1917.