[Clv. No. 5280. First Appellate District, Division Two.—December 26, 1925.]

## ETHEL S. McARTHUR, Respondent, v. WILLIAM KLUCK et al., Appellants.

[1] LANDLORD AND TENANT—ADVANCE PAYMENT OF RENT—BREACH OF LEASE—SURRENDER OF POSSESSION—RECOVERY OF ADVANCE RENT.— Where at the time of the execution of a written lease a tenant pays to the lessor a certain sum, which is stated in the lease to be in full payment of certain last months of the term, and thereafter, upon the tenant's failure to pay rent accruing, the lessor serves a three days' notice, demanding the payment of the rent due or the surrender of the premises, and the tenant thereupon surrenders the premises and the lessor takes possession thereof, the tenant is not entitled to recover any portion of the advance rent so paid covering the last months of the term.

[2] ID.—PLEADING—FINDINGS—JUDGMENT.—In this action by the lessor to recover rent due under a written lease, after the tenant had surrendered possession of the premises pursuant to the lessor's notice to pay the rent or surrender possession, the trial court did not err in failing to make findings of fact with reference to the defendant's affirmative pleading to recover the advance rent paid

———

1. Recovery of advance payment of rent upon termination of lease, notes, Ann. Cas. 1915B, 613; 50 L. R. A. (N. S.) 1035. See, also, 15 Cal. Jur. 730; 16 R. C. L. 631.

covering the last months of the term, which the court treated as a cross-complaint and granted plaintiff's motion for a nonsuit as to it; but if such affirmative pleading be treated as a counterclaim, no harm was done defendant by the failure to find thereon, where under the law applicable to the facts alleged therein defendant was not entitled to recover any portion of said advance rent.

(1) 36 *C. J.*, p. 393, n. 23.    (2) 4 *C. J.*, p. 1060, n. 7.

APPEAL from a judgment of the Superior Court of Imperial County. Edgar A. Luce, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Harry W. Horton for Appellants.

E. R. Simon for Respondent.

LANGDON, P. J.—Defendants appeal from a judgment against them for the amount of rent due under a lease in which they were lessees. The plaintiff was the lessor. While defendants were in possession of the leased farm land, which is situated in Imperial County, California, they defaulted in the payments of rent for several months, amounting to about $800. In response to a notice preceding an unlawful detainer action, they surrendered possession of the premises to the lessor.

By the terms of the lease the lessees agreed to pay $8,000 for the land from April 1, 1920, to July 31, 1923. The provision of the lease which is pertinent to the only substantial issue upon the appeal is as follows:

"Parties of the second part shall pay to party of the first part, as rental for the land hereinbefore described, the sum of $8,000, payable as follows: $1650.00 in cash at the date of the execution of this lease, receipt of which is hereby acknowledged, to be applied as follows: $400.00 to apply on the rent accruing during the first year of said lease, and the sum of $1250 as full payment of the rent accruing for the last five months of said term, the remainder of said rental being payable in monthly installments. . . . "

[1] There was no dispute between the parties as to the amount of rent due from the defendants at the time

the premises were surrendered up to the lessor, but defendants set up a counterclaim for the $1,250 paid by them at the time of the execution of the lease and which was paid "as full payment of the rent accruing for the last five months of said term." Defendants' claim is in effect: Where at the time of the execution of a written lease the tenant pays to the lessor a certain sum, which is stated in the lease to be in full payment of the rent for the last five months of the term, and thereafter, upon the tenant's failure to pay rent accruing, the lessor serves a three days' notice, demanding the payment of the rent due or the surrender of the premises, and the tenant thereupon surrenders the premises and the lessor takes possession thereof, the tenant may recover the advance rent so paid covering the last five months of the term.

The trial court decided against the defendants and appellants upon this proposition and such determination is supported by the case of *Curtis* v. *Arnold,* 43 Cal. App. 97 [184 Pac. 510], in which it is said: "From the facts of the present case, and our review of the foregoing authorities, we reach the conclusion that plaintiff in this action is not entitled to recover any portion of the fund of three thousand dollars paid at the time of the execution of the lease. If the money be regarded as given in consideration of the covenants of the lease when paid, the title thereto passed to the lessor (*Ramish* v. *Workman,* 33 Cal. App. 19 [164 Pac. 26]; *Dutton* v. *Christie,* 63 Wash. 372 [115 Pac. 856]); if it is to be regarded merely as an advance payment of rent, the lessor is entitled to retain it. (*Galbraith* v. *Wood,* 124 Minn. 210 [144 N. W. 945]. See, also, citations under this case, found in 50 L. R. A. (N. S.) 1034; Ann. Cas. 1915B, 609, 613.)"

In the case of *Harvey* v. *Weisbaum,* 159 Cal. 265, 267 [Ann. Cas. 1912B, 1115, 33 L. R. A. (N. S.) 540, 113 Pac. 656, 657], it was said: "The fact that rent was to be paid in advance might have been the controlling factor in the mind of the lessor when he executed the lease and delivered the possession of the premises to the lessee. The consideration for the advance payment is not only the use of the premises for the month during which the lessee is to use them under the lease, but the conveyance by way of lease and the obtaining possession of the prem-

ises. The lease is an interest in real property passing from the lessor to the lessee. In many cases the landlord may have expended more money than the advanced rent, and for the very reason that he is receiving rent in advance. It may have been the very inducement to the lease."

There are also numerous authorities in other jurisdictions which are cited in the briefs which are in harmony with the foregoing decisions in this state.

[2] The only other point raised upon the appeal is that the trial court made no findings of fact with reference to the counterclaim of defendants. The trial court treated it as a cross-complaint and granted plaintiff's motion for a nonsuit as to it. If it be regarded as a counterclaim, it is obvious that no harm was done appellants by the failure to find thereon in view of the above determination as to the law applicable to the facts alleged therein. (*Blochman* v. *Spreckels,* 135 Cal. 662, 664 [57 L. R. A. 213, 67 Pac. 1061]; *People* v. *Center,* 66 Cal. 551, 564 [5 Pac. 263, 6 Pac. 481].)

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 18, 1926.