[Civ. No. 4638. Second Appellate District, Division Two.—February 8, 1928.]

J. EDWARD FOYE et al., Appellants, v. LYDIA P. SIMPKINSON, Respondent.

Merriam, Rinehart & Merriam for Appellants.

John M. Thomas, Jr., for Respondent.

STEPHENS, J., *pro tem.*—The determination of the appeal in this case hinges upon one point. A house lease provides "that for and in consideration of the payments of the rents, and the performance of the covenants contained herein, on the part of the said parties of the second part [plaintiffs and appellants], and in the manner hereinafter stated, said party of the first part does hereby lease, demise and let . . . for the term of three (3) years . . . at the monthly rent or sum of three hundred and seventy-five ($375.00) dollars, payable monthly in advance, . . . and in addition to the regular month's rent an additional sum of three hundred and seventy-five ($375.00) dollars to be credited on account of the last month's rent under this lease." Many months prior to the expiration date of the lease term the parties signed the following indorsement on the lease: "By consent of all parties hereto the foregoing lease is hereby terminated and possession of said premises and

furniture surrendered as of date of May 24th, 1921.'' Plaintiffs contended in the trial court, and so contend here, that the $375 paid for the last month's rent should be returned to them. Judgment went for defendant and plaintiffs appeal upon the judgment-roll alone.

The law applicable to this case has been so often considered by the appellate courts of this state that we shall not attempt to review it here. Mr. Chief Justice Waste, when presiding justice of the first district court of appeal, collated the cases and very clearly distinguished them in *Curtis* v. *Arnold*, 43 Cal. App. 97 [184 Pac. 510]. Mr. Presiding Justice Finlayson of the second district court of appeal did likewise in *Wetzler* v. *Patterson*, 73 Cal. App. 527 [238 Pac. 1077]. Mr. Justice Waste in the above-referred to case says: ''If the money be regarded as given in consideration of the covenants of the lease when paid, the title thereto passed to the lessor; if it is to be regarded merely as an advance payment of rent, the lessor is entitled to retain it.''

Mr. Justice Finlayson quotes this language with approval. Under the principles applied in these cases and numerous others cited and commented upon therein, the payment of the last month's rental in the instant case was clearly an advance payment of rent and the lessor was and is entitled to keep it. (*McArthur* v. *Kluck*, 75 Cal. App. 785 [243 Pac. 453]; *Pedro* v. *Potter*, 197 Cal. 751, 760 [42 A. L. R. 1165, 242 Pac. 926].) There is no element of forfeiture here, as in *Parish* v. *Studebaker*, 50 Cal. App. 719 [195 Pac. 721], and *Jack* v. *Sinsheimer*, 125 Cal. 563 [58 Pac. 130], and no element of deposit as security, as in *Rez* v. *Summers*, 34 Cal. App. 527 [168 Pac. 156].

It will be observed that the cases hereinabove cited have one and the same point of fact different from the instant case. A default has been in evidence, while here the leasehold was surrendered by mutual consent. Inasmuch as the leading cases adopt the principle that if the money was paid in consideration of the covenants of the lease or merely as advance payment of rent in accord with a requirement of the lease, it thereupon becomes the absolute property of the lessor, this difference in fact does not change the principle of decision. By the terms of the lease this payment of the $375 for a subsequent month's rental was fixed at

a specified time, and accrued at such time exactly as the due date accrued on every other month's rental.

"It is difficult to understand how rent having become due at the commencement of the rent period, it can cease to be due because the tenancy subsequently comes to an end." (1 Tiffany on Landlord and Tenant, p. 1180.)

"I need only say that, in my opinion, the landlord was entitled by the terms of his contract to retain rent paid in advance although subsequently to the receipt of the rent he became entitled to re-enter and did so." (*Ellis* v. *Rowbotham*, 1 Q. B. 740, 744.)

"A surrender may be effected by express words, evincing such agreement, or may be implied from conduct of the parties going to show that they both agreed to consider the surrender as made." (24 Cyc. 1382.)

"A surrender has no effect upon the liability of the tenant for rents accrued at the time of the surrender, and this is true though the rent was payable in advance for a period beyond the time of the surrender, and *a fortiori* rent paid in advance cannot be recovered on surrender." (18 Am. & Eng. Ency. of Law, 2d ed., p. 295.)

"The surrender of a term does not effect the discharge of the tenant from rent which has already accrued and become payable, even though the rent was payable in advance for a period beyond the time of the surrender." (36 Cor. Jur., sec. 1149, p. 340.)

There is nothing before us, and presumably there was nothing before the trial court, upon which could be based a conclusion that the written surrender did not express the complete understanding of the parties, nor that they did not intend that it should finally close all of the relations created by and arising from the lease.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.