[Civ. No. 107. Fourth Appellate District.—August 15, 1930.]

GEORGE W. WOOD, Appellant, v. JENNIE H. HIPWELL et al., Respondents.

Luce & Swing for Appellant.

Lewis R. Kirby and George A. Malette for Respondents.

MARKS, J.—Appellant was the lessee of a building in the city of San Diego which belonged to James R. McNeece. A portion of the building was subleased by appellant to Jennie H. Hipwell, one of the respondents, for the term of seven years and eight months commencing on March 1, 1923, and ending on October 31, 1930, at a stipulated rental, payable in monthly installments. At the time of the execution of the sublease the respondent Hipwell paid to appellant the sum of $1,000, concerning which payment the sublease contained the following:

"As a consideration for the making of this lease, the party of the second part pays to the party of the first part, the sum of One Thousand ($1000.00) Dollars, receipt of which is hereby acknowledged; and in the event that all of the conditions and agreements of this lease have been met by said second party, up to the first day of September, 1930, then and in that event the rent for the months September and October, 1930, shall be One ($1.00) Dollars for each month. . . . "

"It is hereby agreed that in case the lease is terminated on account of fire, pestilence or other act of God, said lessor agrees to pay to said lessee upon said termination the sum of One Thousand ($1000.00) Dollars, provided all agreements of this lease have been complied with up to the time of said termination."

The parties to the sublease made several written agreements reducing certain monthly installments of the rental, but none of them affect the issues before us.

In December, 1925, two of the tenants of Mrs. Hipwell were arrested for conducting bookmaking operations in the premises and later a tenant of appellant was arrested for a violation of the Wright Act. McNeece commenced an ac-

tion in the superior court against Wood and Hipwell to recover possession of the premises. On July 19, 1926, judgment was rendered in favor of McNeece in this action. On the same day appellant surrendered the keys of the building to either McNeece or Mrs. Hipwell or both. Thereafter Mrs. Hipwell remained in possession of the premises subleased by her from appellant. The nature of her tenancy after July 19, 1926, does not appear from the record before us, although it can be inferred that she became the tenant of McNeece. The judgment of the superior court in the case of *McNeece* v. *Wood et al.* was subsequently reversed. (*McNeece* v. *Wood*, 204 Cal. 280 [267 Pac. 877].)

Appellant instituted this action to recover unpaid rent on the subleased premises for part of the month of June and the month of July, 1926. Respondent Hipwell filed a cross-complaint in which she sought to recover the $1,000 heretofore referred to, alleging that this money was paid by her as "the rent in advance of the last two months of said lease as a deposit in good faith." The trial court rendered judgment in favor of appellant for $546.70 as unpaid rent and interest thereon, and in favor of the respondent Hipwell on her cross-complaint for $1073.89, being the $1,000 in question, together with accrued interest. Appellant has appealed from that portion of the judgment which was rendered against him. While many questions are presented on this appeal, it will be necessary to consider but one of them, namely: Does the evidence support the judgment rendered on the cross-complaint against appellant?

The only theory upon which the portion of the judgment in question can be sustained is that the $1,000 was paid to appellant as a guarantee of the performance of the terms of the lease by the lessee. (*Rez* v. *Summers*, 34 Cal. App. 527 [168 Pac. 156]; *Green* v. *Frahm*, 176 Cal. 259 [168 Pac. 114].) "If the money be regarded as given in consideration of the covenants of the lease when paid, the title thereto passed to the lessor; . . . if it is to be regarded merely as an advance payment of rent, the lessor is entitled to retain it." (*Curtis* v. *Arnold*, 43 Cal. App. 97 [184 Pac. 510, 514].) The lease provided in clear terms that the $1,000 was paid to appellant as a consideration for making the sublease. The cases of *Ramish* v. *Workman*, 33 Cal. App. 19 [164 Pac. 26, 27], and *Curtis* v. *Arnold, supra,*

present facts almost exactly parallel to the one we are considering. In these cases the appellate court held against the contention of respondents, and in accordance with what is now the well-settled rule in this state. (*Anderson* v. *Julius Levin Co.*, 71 Cal. App. 73 [234 Pac. 442] ; *Harvey* v. *Weisbaum*, 159 Cal. 265 [Ann. Cas. 1912B, 1115, 33 L. R. A. (N. S.) 540, 113 Pac. 656] ; *Wetzler* v. *Patterson*, 73 Cal. App. 527 [238 Pac. 1077] ; *McArthur* v. *Kluck*, 75 Cal. App. 785 [243 Pac. 453] ; *Pigg* v. *Kelley*, 92 Cal. App. 329 [268 Pac. 463] ; *Foye* v. *Simpkinson*, 89 Cal. App. 119 [264 Pac. 331].)

In the case of *Ramish* v. *Workman*, *supra*, it was held as follows:

''Appellants' chief ground for a reversal, and upon which they devote much of their argument, is based upon the provision of the lease pursuant to which they paid plaintiff seven thousand two hundred dollars, claim to which is asserted in both the answer and cross-complaint. Notwithstanding the plain language in which the provision is couched, the meaning of which, to our minds, admits of no controversy, they insist that it should be construed as security for the payment of the rent reserved during the time ending with their eviction and any damages sustained by plaintiff; that when the landlord elected to evict defendants from the premises for nonpayment of rent he waived all claim to the seven thousand two hundred dollars, except in so far as it was necessary to apply it in payment of rent then due or accrued. As stated in *Dutton* v. *Christie*, 63 Wash. 373 [115 Pac. 857], where a similar question was involved: 'We cannot agree with this contention without in effect writing a new contract for the parties.' Clearly, the seven thousand two hundred dollars was paid for a ten-year lease of the premises, upon the conditions and terms specified therein. Defendants parted with the money, not as a penalty or as security, but as a payment the consideration for which was the execution of the lease on the part of plaintiff. The title thereto passed absolutely to the lessor, unaffected by the fact that he agreed, upon the performance of certain conditions by defendants, to give them credit therefor. The conditions were never performed by defendants, and hence they could have no claim to the fund. The authorities which appellants cite in support of their contention

all appear to have been cases where the deposit was made with the lessor upon the execution of the lease as security for the payment of the rent, and in such cases, upon the lessor evicting the tenants, it is uniformly held that he cannot assert claim to the amount so deposited, over and above rent due, with damages sustained. The cases cited by appellants involve deposits made as 'a guaranty,' 'as indemnity,' as 'a penalty,' 'for security,' etc., and hence are readily distinguished from the case at bar. This view finds full support in the case of *Dutton* v. *Christie*, 63 Wash. 373 [115 Pac. 857].

"The provisions of the lease in question hereinbefore quoted should be interpreted in accordance with the plain import of the language used, and thus construed it is clear that the parties intended the seven thousand two hundred dollars to be in the nature of a bonus or additional consideration paid the lessor as an inducement to make the lease upon the terms and conditions therein contained; and, as stated, the fact that upon the performance of all the covenants and agreements contained in the lease to be performed by the lessees during the first nine years, seven months, and twelve days of the term thereof, he promised in effect to release them from the payment of rent at the rate of one thousand five hundred dollars per month for the last four months and eighteen days of the term so demised, furnishes no reason for appellants' contention.''

That portion of the judgment appealed from is reversed.

Cary, P. J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 10, 1930.