[Civ. No. 6007. Second Appellate District, Division One.—October 14, 1930.]

I. J. WEINREICH et al., Respondents, v. J. R. VERNON et al., Appellants.

Homer C. Mills for Appellants.

Henry M. Lee for Respondents.

YORK, J.—This is an action on a promissory note which apparently was given by the defendants to plaintiffs in payment of rent for the month of June, 1925. The defendants alleged by way of answer to the complaint that said note "has been fully paid by reason of the retention by the plaintiffs of certain sums of money held on deposit by them to secure the performance of a certain lease theretofore entered into between the plaintiffs and defendants".

On trial objection was made by plaintiffs to the introduction of any evidence to sustain said allegation of payment,

which objection was sustained by the court. This appeal is taken from a judgment in favor of the plaintiffs. It is contended by appellants that the trial court erred in making its findings of fact and conclusions of law, in rendering judgment for the plaintiffs and also in sustaining the objection above referred to.

The only reference made in the lease to the sums of money alleged to have been held on deposit by the plaintiffs is as follows: "And receipt of the sum of $4,080 was and for the first month and the last four months of the term is hereby acknowledged by the first parties." The words "was and for" should be read "as and for". From this it appears that the money was received by the lessors as being in full payment of the first month and the last four months of the term, or advance rent. No contingencies are recited in the lease whereby it should be returned to the lessees, in fact, nothing more than the sentence above quoted is said regarding it.

"Where the lessee makes an advance payment in cash and notes for the last two months' rent of the premises and is dispossessed for default in the payment of rent, he cannot, in actions on the notes and for unpaid rent, set up the advance payment as a counterclaim on the theory that it is a deposit to secure the payment of rent." (*Forgotston* v. *Brafman,* 84 N. Y. Supp. 237.) The case of *Wetzler* v. *Patterson,* 73 Cal. App. 527 [238 Pac. 1077, 1078], holds: "The general rule deducible from the authorities is that rent paid in advance cannot be recovered by the tenant upon the termination of the lease for condition broken, when such termination was not brought about by the wrongful act of the landlord. (Citing cases.) . . . 'Provision is sometimes made in a lease for the payment in advance of the rents of the last or later periods of the lease, and such a provision has been held not to be security merely for the lessee's performance of his agreements in the lease, but purely a payment of rent in advance, and therefore may be retained by the lessor though he terminates the lease for the default of the lessee as provided for in the lease.' (16 R. C. L. 931.)"

For the reasons stated, it was not error for the trial court to sustain the objection to the offered evidence.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.