[Sac. No. 4279. In Bank.—February 10, 1931.]

J. T. REDMON et al., Appellants, v. A. C. GRAHAM et al., Respondents.

Rich & Weis for Appellants.

James P. Sweeney and Russell P. Tyler for Respondents.

LANGDON, J.—This is an appeal by plaintiffs from a judgment of the Superior Court of Yuba County in an action for unlawful detainer.

Plaintiffs, the owners of a hotel, leased the same to defendants on December 31, 1926, for a period of fourteen years and ten months from January 1, 1927. Rental in the sum of $1500 was payable on January 1, 1927, and on February 1, 1927, and thereafter the sum of $1800 was payable on the first of each month for the remainder of the term. In accordance with the terms of the lease, which are hereinafter set forth in part, the additional sum of $5,400 was deposited with the lessor by the lessee.

Defendants failed to pay a part of the rent due for the month of June, 1928. Plaintiffs gave the proper notice to quit and then brought this proceeding in unlawful detainer, and being unable to serve defendants, applied for a receiver. On July 3, 1928, the court made an order appointing a receiver, who thereupon duly qualified and took possession of the premises. The trial was held on July 23, 1928, and judgment was rendered in favor of plaintiffs for rent due to the end of July, amounting to $2,700, together with the costs of the action, and, in addition, the lease was canceled and possession restored to plaintiffs. The sum of $477.56, being profits collected by the receiver up to July 31, 1928, was subsequently ordered paid to the defendants. Plaintiffs were required by the judgment to deduct the amount of their recovery from the $5,400 previously deposited at the time of the execution of the lease; the balance was directed to be returned to defendants.

Plaintiffs contend on this appeal that the judgment was erroneous in requiring the return of the sum originally deposited with them, and in giving to defendants the profits collected by the receiver. They claim that they were entitled to retain the entire deposit, and in addition to receive judgment for the unpaid rent and the receiver's profits.

With respect to the money collected by the receiver, the claim of plaintiffs is clearly unfounded. It is true that where a receiver is appointed in a proceeding in unlawful

detainer, he takes possession for the benefit of the lessor; but in such case, the lessee is no longer liable for rent. (*Telegraph Avenue Corp.* v. *Raentsch,* 205 Cal. 93 [61 A. L. R. 366, 269 Pac. 1109]; *Gordon* v. *Harris,* 94 Cal. App. 682 [271 Pac. 779].) The judgment in this case was in favor of plaintiffs for rent for the months of June and July. Obviously, the lessors are not entitled to both the rent for July and the profits of the business for that month, and since the judgment for rent for that period was greater than the amount collected by the receiver, we cannot see that plaintiffs have the slightest cause for complaint. Moreover, the court's order was made upon a settlement of the receiver's account, after judgment had been entered in the main action. This order settling the account, though appealable (Cal. Code Civ. Proc., sec. 963) was never appealed from.

The chief question presented by this case is whether the lessors were entitled to retain the deposit of $5,400, in addition to the judgment for unpaid rent. The determination of this question requires the interpretation of the following language in the lease:

"(o) It is further agreed by said lessee that he will, at the time the first month's rent is paid hereunder . . . pay to said Lessors, the sum of Five Thousand Four Hundred Dollars, this sum to be paid by said Lessors *as security for the performance by said lessee of the covenants herein contained* . . . and should he break any of the covenants . . . then the said Lessors *shall have the right to keep the same as his own for liquidated damages,* it being agreed by the parties hereto that in the event of the failure of said Lessee to perform the covenants herein contained, the damages to the Lessors would be irreparable and impossible to ascertain.

"Should the lessee perform all of the covenants herein contained . . . then said sum of Fifty-Four Hundred Dollars shall be applied as payment for the last three months' rent, of the term of this lease." (Italics ours.)

In unmistakable language this provision states that the $5,400 deposit was made as security for the performance of the covenants of the lease, the sum to be retained, that is, forfeited by the lessor as liquidated damages in the event of breach by the lessee. It is settled in this state that such

494

a provision in a lease is a penalty within the meaning of section 1670 of the Civil Code, and is void. (*Green* v. *Frahm*, 176 Cal. 259 [168 Pac. 114]; *Knight* v. *Marks*, 183 Cal. 354 [191 Pac. 531].)

█ Plaintiffs urge that this case comes within the exception to the above rule where the money is not deposited as security for the performance by the lessee, but is given as an advance payment of the rent on the last few months of the term. In such a situation it has been held that the lessor may retain the money upon default by the lessee. But it is essential that the money be given as *an absolute payment of rent in advance,* and not as a *deposit to secure the performance of the lessee.* (*Wetzler* v. *Patterson,* 73 Cal. App. 527 [223 Pac. 1077]; *Curtis* v. *Arnold,* 43 Cal. App. 97 [184 Pac. 510]; *Sinclair* v. *Burke,* 133 Or. 115 [287 Pac. 686].)

The provision in question does not, in our opinion, come within this exception to the rule. A reading of it discloses its plain and obvious purpose, namely, to permit the forfeiture of the sum paid, upon breach of covenant by the lessee. This right of forfeiture is made to cover the entire term. It is recognized, however, that in the event that the lessee fully performs, the sum must be returned. It is accordingly provided that *"should the lessee perform all of the covenants",* then the sum shall be applied as payment for the last three months' rent. This is in no sense an advance payment of the rent for that period. Until the end of the term, the money is held as security; and until that time it is uncertain whether the money shall be applied on the rent. This interpretation is strengthened by the further provision in the lease that the $5,400 should be returned to the lessee upon the accidental destruction of the premises. This is, of course, wholly inconsistent with the idea of an absolute payment in advance, with title to the money passing to the lessor. (See *Wetzler* v. *Patterson, supra.*)

█ Plaintiffs finally argue that the lease was ambiguous in its language covering the deposit; that one interpretation leads to illegality, and that therefore the other interpretation should be adopted. They also attack the refusal of the court to permit the introduction of parol evidence to show the intended meaning of the provision. We are satisfied that the trial court acted within its discretion in

rejecting the offer of any such evidence. We are unable to perceive any ambiguity in the terms of the lease. The primary purpose of the provision for the deposit is clearly stated in the instrument, and under the law of this state, the provision is void.

The judgment is affirmed.

Curtis, J., Preston, J., Richards, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.