[Civ. No. 7913.   First Appellate District, Division Two.—September 15, 1931.]

WALTER H. SULLIVAN, INC., Appellant, v. AXEL A. JOHNSON, Respondent.

Morrison, Hohfeld, Foerster, Shuman & Clark and G. H. Elmore for Appellant.

Bianchi & Hyman and C. G. Morse for Respondent.

SPENCE, J.—Plaintiff sought reimbursement from defendant in the sum of $2,155.70 for money paid out in settlement of a judgment and for necessary expenses incurred in the defense of an action brought by the lessee of certain premises after a wrongful eviction. From a judgment in favor of defendant plaintiff appeals.

The facts are not disputed and even as presented in the trial court the controversy involved solely an issue of law. The lessor Wright, a predecessor in interest of both plaintiff and defendant, leased the premises to the lessee Warren in 1925 for a term of five years. At the time of the execution of the lease Warren delivered to Wright the sum of $2,500. With respect to this sum the lease provided, "That the Lessor, in consideration of the sum of two thousand five hundred dollars ($2500), . . . paid to the Lessor by the Lessee, . . . and in further consideration of the rent to be paid and the covenants and agreement to be performed by the Lessee, . . . does by these presents lease unto the Lessee . . . " The lease further provided that, "if, at all times during the said term; the Lessee shall perform . . . the Lessor will pay the Lessee interest at the rate of six (6) per cent per annum upon the said sum of two thousand five hundred ($2500) . . . which said interest shall be payable annually . . . and the Lessor will credit the Lessee with the said sum . . . upon the five (5) instalments of rent of the said premises last maturing, . . . at the rate of five hundred dollars ($500) upon each of the said instalments of rent".

Thereafter Wright conveyed the premises to plaintiff, who then conveyed the premises to defendant. Subsequently the property changed hands upon several occasions during 1926 and 1927. At the time of each transfer of title the $2,500 delivered by Warren to Wright was credited by the grantor upon the purchase price paid by the grantee. In August, 1927, the then owner of the premises wrongfully terminated the lease and evicted Warren from the premises. After his wrongful eviction Warren brought an action against his original lessor, Wright, to recover the $2,500. Wright called upon plaintiff, as her grantee to whom she had paid said sum, to assume the defense of the action and hold her harmless. Plaintiff similarly called upon defendant to whom it had paid the money. Upon defendant's failure to defend the action against Wright, plaintiff assumed the defense. In that action the lessee Warren recovered judgment. Plaintiff negotiated a settlement and in December, 1929, paid to Warren the sum of $1750 in satisfaction of the judgment. Thereafter on the ninteenth day of December, 1929, plaintiff made demand on defendant for said $1750 together with the sum of $405.70 necessarily expended as counsel fees and costs in the defense of said action. Upon defendant's refusal to pay said sums plaintiff commenced the present action.

Under the foregoing admitted facts it is appellant's contention that it was entitled to recover from respondent and in our opinion this contention must be sustained. ■ Preliminarily we may state that much is said in the briefs concerning whether the $2,500 was paid by Warren to Wright as consideration for the execution of the lease or as advance payment of rent or as a deposit given to secure performance by the lessee. Examining the various provisions of the lease we find that the parties did not treat it as an absolute payment in consideration for the execution of the lease as the lease provided for annual interest on said sum to be paid by the lessor to the lessee and further provided for the crediting of said sum upon the rent due for the last five months of the lease. It further appears that it was not treated as absolute payment of rent, but the lease merely provided that it would be credited upon the rent for the last five months in the event that the lessee had performed under the lease. It is not the form but the substance which

594

is important in determining the nature of such payment or deposit, and in our opinion under the provisions of the lease above quoted the money delivered to the lessor was clearly a deposit given as security for performance by the lessee. (*Redmon* v. *Graham,* 211 Cal. 491 [295 Pac. 1031]; *Stern* v. *Green,* 127 Wash. 429 [221 Pac. 601]; *Moumal* v. *Parkhurst,* 89 Or. 248 [173 Pac. 669]; *Cain* v. *Brown,* 105 Ohio St. 264 [136 N. E. 916]; *In re Frey,* 26 Fed. (2d) 472.)

■ Upon the wrongful termination of the lease and eviction of Warren he was entitled to the return of the deposit. (*Blessing* v. *Fetters,* 40 Cal. App. 471 [181 Pac. 108].) We are not called upon to determine whether Warren could recover from each and all of the successive grantees of the premises but it is clear that he was entitled to recover from Wright for in the absence of a novation the original lessor remained liable under the lease. (36 C. J. 298, sec. 1075.) That was the course pursued by Warren in the instant case. ■ Respondent contends that there was no obligation upon appellant's part to reimburse Wright and that appellant therefore acted as a volunteer in assuming the defense of the action of *Warren* v. *Wright* and in settling the judgment. This contention cannot be sustained. When appellant accepted the benefit of the $2,500 as a credit on the purchase price paid to Wright, then as between the parties appellant must be held to have assumed the obligation of Wright with respect thereto. (Civ. Code, secs. 1589 and 3521.) Similarly as between appellant and respondent, the latter assumed that obligation when he likewise accepted the benefit of the $2,500 as a credit upon the purchase price paid to appellant. It was not necessary that the agreement to assume the obligation be express for where a purchaser accepts as a reduction from the purchase price the amount of an obligation of the seller, an agreement on the part of the purchaser to assume the obligation is implied. (*Kaufman* v. *Williams,* 92 N. J. L. 182 [104 Atl. 202]; *Schmidig* v. *O'Baggy,* 5 N. J. Misc. Rep. 554 [137 Atl. 560]; *Friedman* v. *Zuckerman,* 104 N. J. Eq. 322 [145 Atl. 541]; *Seikman* v. *Moler,* 47 Idaho, 446 [276 Pac. 309]; *Hopkins* v. *Warner,* 109 Cal. 133 [41 Pac. 868]; *Epperson* v. *Cappellino,* 113 Cal. App. 473 [298 Pac. 533]; 36 C. J. 298, sec. 1075.) The situation here is analogous to that in which a grantee withholds from the purchase price paid

to his grantor the amount of the mortgage indebtedness on the premises. In such cases in the event that the grantor becomes liable for a deficiency judgment, he is entitled to reimbursement from his grantee. (*Robson* v. *O'Toole,* 45 Cal. App. 63 [187 Pac. 110]; *Graham* v. *Durnbaugh,* 44 Cal. App. 482 [186 Pac. 798].) It is held that as between the parties the relation of principal and surety is created by the transaction and if the grantor as such surety is required to satisfy the obligation, the grantee as principal is bound to reimburse him. (Civ. Code, sec. 2847.) In the present case we are of the opinion that the transactions between the parties involving a credit given by each grantor to his grantee rendered each grantee liable to his grantor in the event that his grantor was called upon to meet the obligation. Apparently the trial court adopted respondent's view that as respondent had parted with title to the premises he was no longer liable under the provisions of section 1466 of the Civil Code. In our opinion that section has no application to the facts in the present case. (36 C. J. 298, sec. 1075; *Kaufman* v. *Williams, supra.*)

As all of the facts necessary to entitle appellant to judgment are admitted, a retrial of the cause would serve no useful purpose. The judgment is therefore reversed with direction to the trial court to enter judgment in favor of plaintiff for the sum of $2,155.70 together with interest on said sum from December 19, 1929.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 15, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 12, 1931.