[Civ. No. 9807.   First Appellate District, Division Two.—May 6, 1935.]

A–1 GARAGE (a Corporation), Appellant, v. LANGE INVESTMENT COMPANY (a Corporation), Respondent.

Lombardi & Minnis for Appellant.

Knight, Boland & Riordan and F. Eldred Boland for Respondent.

NOURSE, P. J.—Plaintiff sued for the balance of a sum of money paid the defendant upon execution of a lease of real property. The cause was tried before the court without a jury and defendant had judgment.

On November 10, 1929, defendant leased to plaintiff a garage for the period of eight years at a total rental of $100,200. Coincident with the execution of the lease, and as consideration therefor, the plaintiff paid to the lessor $10,000. In August, 1932, the lessor took possession of the premises through unlawful detainer proceedings and had judgment against the lessee for $2,975.02 as accrued rent. Plaintiff then brought this action to recover the difference between this sum and the $10,000 paid when the lease was executed.

The pertinent portions of the lease from which this controversy arises are found in paragraph 14, which reads: "In further consideration for the execution of this lease by lessor, lessee has paid to lessor and lessor hereby acknowledges receipt of the sum of ten thousand dollars ($10,000) from the lessee herein; and it is distinctly agreed and understood that in the event of the faithful performance by the lessee of each and every, all and singular, the terms, conditions and covenants of this lease, and the prompt and faithful payment of all the rent and other sums herein

provided to be paid, at the times and in the manner herein provided, and only in this event, lessor will allow and rebate to the lessee the sum of $41.66 on account of the rent to be paid each month during the term hereof, up to the month commencing January 10, 1937; the sum of $391.00 on account of the rent to be paid for the month commencing January 10, 1937, and the sum of $1100.00 on account of the rent to be paid for the months commencing on the 10th day of each February, March, April, May, June, July, August, September and October, 1937. It is distinctly agreed and understood that this allowance and rebate shall be made by the lessor only in the event of the faithful performance by the lessee of all and singular, each and every of the terms, covenants and conditions hereof, *which is the sole consideration therefor;* and in the event of a termination of this lease at any time before the expiration of the term herein provided for any cause or reason whatsoever, said lessee shall have no claim against the lessor, except as in section eight hereof provided, for any allowance or rebate on account of the rent herein provided to be paid, or on account of the sum of $10,000 paid to lessor by the lessee, which is the consideration for the making of this lease, *and said lessee agrees that the same is so paid as a consideration therefor, and for the purpose of obtaining this lease, and is an absolute payment to the lessor for that purpose.''* (Italics ours.)

We are unable to reconcile appellant's ''Statement of the Question Involved'' with the record before us, and we will, therefore, approach the case in our own way. The simple question raised is this: When the parties to a lease declare in plain language that the money paid is a consideration for the lease and nothing else and that it is an absolute payment to the lessor for that purpose, may the courts declare that they intended it to be an illegal stipulation for liquidated damages?

There are several types of cases involving payments of this kind—not different lines of authority adopting divergent rules on the legal principle involved, but different groups of cases dependent upon the special facts. ■ Within these groups the rules of law are settled and our authorities are in complete harmony. First, because of more fre-

quent occurrence, come the cases involving an absolute payment in advance of the rent for the last few months of the term. When paid under such circumstances the lessor is entitled to retain the fund on default of the lessee. (*Curtis* v. *Arnold,* 43 Cal. App. 97, 108 [184 Pac. 510]; *Redmon* v. *Graham,* 211 Cal. 491, 494 [295 Pac. 1031]; *Galbraith* v. *Wood,* 124 Minn. 210 [144 N. W. 945, Ann. Cas. 1915B, 609, 50 L. R. A. (N. S.) 1034]; *Wetzler* v. *Patterson,* 73 Cal. App. 527, 532 [238 Pac. 1077]; *Weinreich* v. *Vernon,* 109 Cal. App. 60, 61 [292 Pac. 651]; 16 R. C. L., p. 931; 50 L. R. A. (N. S.) 1034.) ■ Second, where the payment is made by way of a deposit as security for the performance of the covenants of the lease. Cases within this group should be again divided into two classes—where the lease provides that the sum shall be forfeited to the lessor in the event of breach by the lessee, and, where the sum is treated as a trust fund to which the lessor may look for relief upon proof of damages arising from the breach. Where a forfeiture is provided for and the deposit treated as liquidated damages this clause has been uniformly held invalid in this state under section 1670 of the Civil Code. (*Green* v. *Frahm,* 176 Cal. 259, 262 [168 Pac. 114]; *Knight* v. *Marks,* 183 Cal. 354, 357 [191 Pac. 531]; *Redmon* v. *Graham, supra.*) ■ On the other hand, where the sum is deposited merely as security for the performance of the covenants by the lessee, without a penalty or forfeiture clause, the payment is valid to that extent and the lessee is not entitled to a return of the fund upon a breach of the lease, but the lessor may look to the fund for damages proved. (*Green* v. *Frahm, supra,* 263; *Giddens* v. *Krogh,* 116 Cal. App. 416, 421 [2 Pac. (2d) 821]; *Gallagher* v. *McMann,* 119 Cal. App. 688, 690 [7 Pac. (2d) 204].)

■ Another group of cases of increasing number is where the lease calls for the flat payment of a sum as a bonus, or "consideration" for the execution of the lease. Such clauses have been uniformly held valid in this state and the lessee has been denied recovery when the lease has been cancelled through his default. (*Ramish* v. *Workman,* 33 Cal. App. 19, 21 [164 Pac. 26]; *Curtis* v. *Arnold,* 43 Cal. App. 97, 101, 102 [184 Pac. 510]; *Wood* v. *Hipwell,*

107 Cal. App. 680, 682 [290 Pac. 1040]; *Dutton* v. *Christie,* 63 Wash. 372 [115 Pac. 856, 857].)

We have omitted from the foregoing citations our own opinion in *Walter H. Sullivan, Inc.,* v. *Johnson,* 116 Cal. App. 591 [3 Pac. (2d) 72], because it seems to require special consideration. In that case the lessee had been wrongfully evicted and sued to recover the deposit made upon execution of the lease. As appears from the last paragraph of the opinion the facts were admitted, and we were then asked to interpret the clauses in the lease which were rendered uncertain by the peculiar language used. In examining the case as a whole, in the light of the admitted facts, we held that the parties did not treat the payment as a consideration for the execution of the lease or as an advance payment of rent, but that the facts compelled the conclusion that the parties at all times treated the payment as security for faithful performance and not otherwise. With this interpretation of the intention of the parties we followed the accepted rule that the lessee was entitled to the return of the deposit because of the wrongful eviction. (*Blessing* v. *Fetters,* 40 Cal. App. 471, 477 [181 Pac. 108].)

The distinction between the Sullivan case and the case at bar is readily seen. In that case the lease was admittedly uncertain and ambiguous and required interpretation. Here the lease is plain and unambiguous. The parties stipulated in language which is plain and needs no interpretation that this was "an absolute payment to the lessor" as consideration for the lease, and that, in the event of a termination of the lease for any cause before its expiration, the lessee should have no claim against the lessor on account of this fund. By the express terms of the lease we then have a case where the money is paid as a bonus and as consideration for the lease. This brings the case squarely within the rule of *Curtis* v. *Arnold, supra, Wood* v. *Hipwell, supra,* and allied cases.

It is not inappropriate to observe that the clause in question was admittedly drawn by counsel to meet the rule of the cases last cited, that the parties had the legal right to freely contract in that manner, and that the provision in the lease to refund by way of credits in the monthly rental due, though an item to be considered in the interpretation of

a doubtful lease, is not inconsistent with the expressed intention of the parties found here. ■ And it is a commonplace observation that when the contract of the parties is clear and unambiguous the courts will not substitute their interpretation, particularly when such interpretation would render an otherwise valid contract void.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 5, 1935.