[Civ. No. 5227.   Third Appellate District.—December 12, 1935.]

W. STUART WEBSTER, Respondent, v. J. F. GARRETTE, Appellant.

Joseph H. Huberty for Appellant.

Huston, Huston & Huston for Respondent.

PULLEN, P. J.—Appellant and respondent entered into a lease in 1922 for a building to be remodeled for a theater or moving picture purposes, for a term of years at a specified monthly rental. This litigation involves a deposit of $2,500 made by respondent with appellant under the following provisions of the lease:  .

"First: The party of the second part agrees that he will, as soon as said building is completed, place therein good substantial furniture of a value of not less than Twenty Thousand ($20,000.00) dollars.

"Second: It is agreed that upon the execution of this agreement the party of the second part has paid to the party of the first part the sum of $2500.00 as a guarantee on the part of the party of the second part to fulfill the obligations contained in this agreement, the receipt whereof is hereby acknowledged by the party of the first part.

"Third: And in the event that said party of the second part shall fail, neglect or refuse to comply with the terms of this agreement or to fulfill any of the covenants or conditions thereof then the said sum of $2500.00 shall immediately become forfeited to the party of the first part as liquidated damages for the use and occupation of said premises and for the expense and inconvenience occasioned to the party of the first part.

"Fourth: As soon as said party of the second part has placed in said premises good and substantial furniture of a value of not less than $20,000.00, this contract shall operate and be construed to create a lien in favor of the party of the first part and against the party of the second part upon all of said furniture for the faithful performance by the party of the second part of all of the terms, covenants and conditions herein expressed, said lien to continue during the full period of this lease and as soon as said lien attaches the party of the first part will refund to the party of the second part the said sum of $2500.00 guarantee aforesaid."

Respondent admittedly never installed $20,000 worth of furniture or fixtures in which he had an unincumbered title. The complaint alleges that notwithstanding the failure of lessee to install said furniture as in the lease provided, lessor accepted all rents accruing under the lease and that lessee continued in the uninterrupted and undisturbed possession of the premises and that in 1923 lessee, with the consent of the lessor, assigned his interest therein to National Theaters Syndicate of California, a corporation, who thereafter occupied said premises until the expiration of said lease in April, 1932.

The answer alleges that plaintiff, the lessee, failed to install the furniture and fixtures free of incumbrance as pro-

vided in the lease, and that in 1923 lessor declared the sum of $2,500 forfeited pursuant to the lease and accepted the $2,500 in lieu of the performance of said clause. Thereafter plaintiff, acting upon the declaration of forfeiture by defendant, commenced an action in 1927 to recover the deposit, which action was in December, 1927, dismissed by plaintiff. In July, 1928, plaintiff made a written demand upon defendant for the payment of said $2,500, and commenced another action for the recovery of that amount, which action was also later dismissed.

The present action was commenced in 1932 after the expiration of the lease, and an amended complaint filed in January, 1933. Defendant also pleaded the various statutes of limitations to the action by plaintiff. The court found the allegations of plaintiff's amended complaint to be true, and also found it was untrue that upon plaintiff's failure to install $20,000 worth of furniture free of incumbrance, defendant declared said deposit forfeited. The court also found that the action set forth in the amended complaint of plaintiff was not barred by the statute of limitations, and accordingly gave judgment to plaintiff for $2,500 with interest from the date of the expiration of the lease.

As to the findings by the court that it was untrue that upon plaintiff's failure to install furniture in the building defendant declared said deposit forfeited pursuant to the terms of the lease and accepted said sum in lieu of the performance by plaintiff of the provisions of the lease, we find no support in the record. The only witnesses called were the two parties to the lease, plaintiff and defendant herein. Garrette, defendant and lessor, testified on direct examination as follows:

"Q. Mr. Garrette, you received the $2500.00 mentioned in the lease, did you? A. Yes. Q. And did you ever declare to Mr. Webster that that sum was forfeited? A. I did. Q. When, as best you can recall? A. About the time that the theater was opened and the furniture supposedly in there. I went to Webster and I said ' . . . this money is forfeited.' "

Webster, called in his own behalf as to the forfeiture, testified that he and Garrette several months after the theater opened were discussing the repayment of the $2,500; the witness then in answer to a question as to the conversation on

the subject, said: "A. Yes, I went to him again at that time and at that time he told me that the amount had been forfeited." That appears to be the only evidence in the record upon the subject of forfeiture, and we can therefore find no evidence in the record to support the finding that the appellant did not declare the deposit forfeited. That fact, however, makes no difference in the conclusion to which we had arrived.

Appellant makes two points, first, that he had a right to retain the $2,500 as liquidated damages, and secondly, that the action was barred because of the length of time between the failure of lessee to show title in the furniture and the commencement of this action. In determining whether a provision in a contract is for liquidated damages or for a penalty, depends upon the intention of the parties, which when ascertained will be given full effect unless contrary to law.

We are here limited in our investigation of the intent of the parties to a study of the lease itself. Appellant claims he attempted to offer certain testimony as to the intention of the parties and upon objection the court improperly sustained the objections thereto. The questions asked of Mr. Garrette on direct examination were as to the financial condition of Mr. Webster at the time of entering into the lease; as to any particular reason for insisting upon the installation of $20,000 worth of furniture in the building at the time of executing the lease; of any particular reason the witness may have had for insisting upon a lien upon $20,000 worth of furniture prior to executing the lease; whether Webster was ever in a position to give security for the performance of the lease and if the witness believed he was entitled to declare the $2,500 forfeited under the contract. The trial court was correct in holding the questions immaterial, and sustaining the objection thereto. The only question involved in this case is that referred to in section 1671 of the Code of Civil Procedure which involves the impracticability or extreme difficulty in fixing the actual damage. To be admissible the evidence would have to show that the failure to fulfill the contract would result in such damage or injury as could not be readily ascertained by any pecuniary standard, and the questions submitted to the witness did not comply with these requirements.

■ If the trial court was correct in sustaining the objection to the foregoing questions, then appellant failed to establish the validity of the provisions by proof, and furthermore, he failed entirely to plead in his answer that actual damages would be impractical or extremely difficult to ascertain. Without such pleading or proof, the presumption is that the agreement is void. (8 Cal. Jur. 854, citing numerour authorities.)

■ An examination of the lease itself leads to a like conclusion that a penalty was intended and not liquidated damages. The lease provided that in the event the lessee failed to comply with the terms of the agreement, or to fulfill any of the conditions or covenants thereof, the sum of $2,500 should immediately become forfeited as liquidated damages for the use and occupation of the premises and for the expense and inconvenience occasioned by the lessor. "Where a fixed sum is covenanted to be paid for any one of several breaches of the contract of varying importance and differing widely in injuriousness the inference arises that a penalty was intended and not liquidated damages." (8 Cal. Jur. 849.) ■ Also as a matter of law we find nothing in the situation that would make it impractical or difficult to fix the actual damage if the lessee failed to comply with the terms of the lease. Upon the breach by lessee, lessor had the option to immediately terminate the lease or to waive the breach. There seems to be no different situation here than exists in any agreement for the leasing of real property. In the case of *Redmon* v. *Graham,* 211 Cal. 491 [295 Pac. 1031], such a provision in a lease was held to be a penalty within the meaning of section 1670 of the Civil Code and therefore void. There is no presumption that the amount of damages that arose from the tenant's breach of covenant to pay rent is impossible or difficult to fix, hence the provision for the payment of liquidated damages in such cases is void. (8 Cal. Jur. 858.) ■ Furthermore, as the lease has ended by expiration of the term and all rents have been paid and no damage sustained, there is nothing upon which to base a presumption that defendant has sustained any damage. (*Leslie* v. *Brown Bros. Inc.,* 208 Cal. 606 [283 Pac. 936].)

■ Neither is the action barred by any of the various statutes of limitations pleaded. The deposit here contained two stipulations, one as to liquidated damages and the other

as to a guarantee for the performance of the various terms and conditions of the lease. The two provisions were severable and the lessor could hold the deposit as a guarantee for the performance of all of the terms and conditions of the lease until the expiration thereof. (*Green* v. *Frahm,* 176 Cal. 259 [168 Pac. 114].) Apparently appellant does not question this, but he argues that lessor, having declared the deposit forfeited as liquidated damages, his cause of action matured at that time; but the provision for liquidated damages being void, lessor had no cause of action until the lease had expired.

The judgment is affirmed.

Plummer, J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 11, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 10, 1936.