[Civ. No. 15435.   First Dist., Div. One.   May 25, 1953.]

KENNETH R. WARMING, Appellant, v. REBECCA
SHAPIRO, Respondent.

O. Vincent Bruno and Michael DiLeonardo for Appellant.

J. T. Harrington for Respondent.

PETERS, P. J.—Plaintiff, as assignee of the tenant under a lease, brought this action against the landlord to recover $11,988 paid by the tenant to the landlord at the time of the execution of the 10-year lease, the lease having been terminated by reason of its assignment by the tenant without consent of the landlord in violation of a covenant in the lease. The landlord had the assignee evicted because of such breach, the tenant assigned his interest in the fund to the plaintiff, and this action was instituted. The trial court determined that the money had been paid to the landlord either as advance rent or as part consideration for the execution of the lease, and that for either or both reasons was not recoverable by the tenant or his assignee. Judgment was entered accordingly. Plaintiff appeals, his main contention being that the sum involved, under the terms of the lease, properly interpreted, was paid as a deposit to secure faithful performance of the terms of the lease, and, as such, is recoverable by the tenant or his assignee where the lease is terminated prior to its fixed term.

The property involved is a motel in Salinas. The lease provided that it was to run from November 4, 1946, to November 3, 1956. The tenant, pursuant to the terms of the lease, upon its execution, deposited $12,988 with the landlord, $1,000 of which was for the first month's rent. The lease contained a condition prohibiting its assignment by the tenant without the consent of the landlord. The tenant assigned without consent. The landlord brought an unlawful detainer action against the tenant and the assignee, based on such breach, as a result of which the lease was terminated and the assignee, who is the plaintiff in the instant action, was forced to quit the premises in January of 1951. The tenant assigned

to the plaintiff all his rights in the $11,988 remaining in the hands of the landlord.

The lease contains the following pertinent clauses:

"That the Lessor, for and in consideration of rents, covenants and agreements hereinafter set forth in the part and on the behalf of said Lessees to be paid and performed, has leased and demised and by these presents does lease and demise unto the Lessees, and Lessees have leased, hired and taken and by these presents do lease, hire and take of and from the Lessor that real property situated in the City of Salinas, County of Monterey, State of California, described as follows, to wit: . . .

"To HAVE AND TO HOLD the said demised premises for the term of ten years, beginning on November 4, 1946, and ending on November 3, 1956, yielding and paying therefor a cash rental in the sum of $120,000.00, payable in advance in lawful money of the United States of America, as follows, to wit: $1000.00 per month on the 4th day of each and every calendar month, beginning with November 4, 1946, and continuing to November 3, 1956; provided, however, that as part consideration for the making of this lease, the Lessees have paid to the Lessor the sum of Twelve Thousand Nine Hundred Eighty-eight Dollars ($12,988), the receipt of which is hereby acknowledged, $1,000.00 of which is to be applied as the payment of the first month's rent hereunder, and in the event that all of the conditions and agreements of this lease have been kept and performed by said Lessees up to the 4th day of November, 1955, then and in that event, the rent for the months beginning with November 4, 1955 and continuing to November 3, 1956, shall be One Dollar ($1.00) each; and provided, further, however, that as part consideration hereunder, the lease is subject and pursuant to the following terms, covenants, provisions and conditions to which each of the parties hereto has mutually and expressly agreed, and by these presents does hereby agree as follows, to wit: . . ."

Next follows a list of some 26 covenants, expressly made conditions. Covenant 10 provides that the landlord is empowered to terminate upon breach of any condition, and covenant 13 contains the provision against assignment without consent of the landlord.

There was no extrinsic evidence introduced on the issue of the proper interpretation of this lease. The trial court found that the $11,988 involved was an "absolute payment" made by the tenant to the landlord "as a consideration for the exe-

cution of said Lease and as prepaid rental to be applied on the last twelve months of the term of said Lease." It concluded that the fund belonged to the landlord.

Both sides agree that, inasmuch as the trial court interpreted the lease without the aid of extrinsic evidence, the appellate court is not bound by such interpretation, but must construe the document for itself. (*Estate of Platt*, 21 Cal.2d 343 [131 P.2d 825].)

There is little or no dispute over the law applicable to deposits made under a lease, the difficulty being in applying that law to the terms of a particular lease. The admittedly applicable law was summarized as follows in *Thompson* v. *Swiryn*, 95 Cal.App.2d 619 at page 625 [213 P.2d 740] : "*A-1 Garage* v. *Lange Investment Co.*, 6 Cal.App.2d 593 [44 P.2d 681], summarizes the nature of the monies paid upon the execution of a lease and states that they fall into four classes: (1) advance payment of rent; (2) as a bonus or consideration for the execution of the lease; (3) as liquidated damages; and (4) as a deposit to secure faithful performance of the terms of the lease." Appellant concedes that if the payment was made under the first two classes it may be retained by the landlord if the lease is terminated due to the fault of the tenant. Payments under class three are penalties, result in forfeitures, are invalid as such, and may be recovered by the tenant. Payments made under the fourth class are retainable by the landlord only to the extent of the amount of damage actually suffered.

It is the contentions of appellant that this payment was not made under the first two classes, but either under classes three or four; that the payment was merely security for the rent for the last few months of the lease, and not an absolute prepayment of such rent; that the trial court has found that the payment was both a bonus consideration and advance payment of rent; that the two categories are mutually exclusive and therefore the findings are inconsistent; that if the payment was a deposit to secure faithful performance, which he claims it was, respondent may not retain any portion of the fund because the prior judgment in the unlawful detainer action was in full satisfaction of the tenant's liability under the lease; that if the landlord is permitted to retain the amount in controversy, the result will be harsh, unfair and unreasonable; and that such an interpretation should not be favored.

The difficulty with appellant's arguments is that, under the terms of this lease, his assignor has contracted and agreed

that the payment was made as part consideration for the execution of the lease and as prepayment of part of the rent for the last year. ▮ The lease fixes a total rental for the 10-year period of $120,000, payable in advance at the rate of $1,000 a month, "provided, however, that as part consideration for the making of this lease" the tenant has paid $12,988, $1,000 of which is for the first month's rent. Then it is provided that if the tenant fully performs for nine years, for the last year the rent will be $1.00 a month. There appears to be no ambiguity in these clauses. They provide, as clearly as language can do, that the payment is made as part consideration for the execution of the lease, and as a prepayment of the last year's rent of $12,000 in the amount of $11,988.

If cases are necessary to support this interpretation of the language used, such cases exist. In *A-1 Garage* v. *Lange Investment Co.*, 6 Cal.App.2d 593 [44 P.2d 681], the lease acknowledged payment of $1,000 "in further consideration for the execution of this lease by lessor," and then provided, in the event of faithful performance by the lessee, that progressive rebates during the eight-year term and particularly towards the end of the lease should be made to the lessees. This lease was held to be unambiguous and to compel, as a matter of law, the construction that the payment was made as a bonus consideration for the execution of the lease. The case is also helpful to respondent because it held that the clause providing a rebate by way of rent credits did not interfere with the interpretation that the payment was a bonus consideration for the execution of the lease.

The cases of *Ramish* v. *Workman*, 33 Cal.App. 19 [164 P. 26], and *Wood* v. *Hipwell*, 107 Cal.App. 680 [290 P. 1040], are directly in point in favor of respondent. In those cases express credits upon the latter months of the leases "as a further consideration" (Ramish) or "as a consideration" (Wood) were held not to affect the character of the lump sum payments which were construed as "bonus considerations." The Ramish case reasoned that the lessees could not claim the fund in the absence of performance of the specified conditions of satisfactory performance under the lease, and distinguished cases in which the payment had been characterized by the parties as a "guaranty," "indemnity," "penalty," or "for security." (See, also, *Ace Realty Co.* v. *Friedman*, 106 Cal.App.2d 805 [236 P.2d 174].)

Appellant contends that the cases of *Bacciocco* v. *Curtis,* 12 Cal.2d 109 [82 P.2d 385], and *Thompson* v. *Swiryn,* 95 Cal.App.2d 619 [213 P.2d 740], are contrary to the above discussed cases. It is true that in these cases it was held that a clause providing for credit upon the last month's rentals created an ambiguity with the consideration clauses of the leases. These leases not only provided for ·crediting the payment made upon future rentals, but also had clauses to the effect that upon destruction of the building the money not already applied on the rent should be refunded to the tenant. In the instant case the lease has no provision setting forth any contingency under which the tenant would be entitled to a refund of the payment. In the Bacciocco case, indeed, there was a provision for the intermediate payment of interest by the landlord upon the sum paid over by the tenant. These clauses were held to create an ambiguity with the consideration clause, in view of which extrinsic evidence was admissible to explain the ambiguity, which evidence supported the finding that the payment was made as security.

The finding here that the payment was a bonus consideration for the execution of the lease is the reasonable and proper interpretation of the lease. This conclusion makes it unnecessary to determine whether the payment was an absolute prepayment of rent. (But see *Wetzler* v. *Patterson,* 73 Cal. App. 527 [238 P. 1077] ; *Pigg* v. *Kelley,* 92 Cal.App. 329 [268 P. 463] ; *McArthur* v. *Kluck,* 75 Cal.App. 785 [243 P. 453].) If the payment was made as a bonus consideration alone, or was also made as an absolute prepayment of rent, the tenant or his assignee cannot recover. There is no reason why the payment could not be consideration for both promises. Therefore, there is no inconsistency in the finding.

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.