**In re ESCONDIDO WEST TRAVELODGE, a partnership aka Travelodge West, Debtor.**

**Bankruptcy No. 84–00663–P11.**
**Motion No. RS–404.**

United States Bankruptcy Court,
S.D. California.

June 20, 1984.
Addendum June 26, 1984.

Allan Lieb, San Diego, Cal., for S & M Development.

Sam B. Spizman, and Seltzer, Caplan, Wilkins & McMahon by Dennis Wickham, San Diego, Cal., for Escondido West Travelodge.

## MEMORANDUM OF DECISION ON MOTION FOR RELIEF FROM STAY

ROSS M. PYLE, Bankruptcy Judge.

### I

The Motion of S & M Development and Sam B. Spizman ("landlord") for relief from stay to continue their levy on a state court writ of execution for possession of premises occupied by Escondido West Travelodge, the debtor, came on for hearing before this Court on April 11, 1984 and April 24, 1984. Having considered the pleadings, together with the evidence and argument of counsel, this Court concludes that the landlord will not be relieved of the stay to proceed with its levy. This Memorandum is filed to explain the Court's decision.

### II

### FACTS

The debtor is a California general partnership which operates a motel located in Escondido, California. Under the terms of the lease, the landlord agreed to build the motel on the subject premises at a cost which was not to exceed $1,250,000. The debtor was to pay as its monthly rent, an amount equal to twelve (12%) percent of the construction cost of the motel and an amount equal to the property taxes on the premises. The landlord's actual cost of construction was $1,780,000.

When the debtor began operating the motel in April 1981, the landlord demanded an amount for base rent equal to twelve (12%) percent of the *actual* construction cost, not the *projected* construction cost. When the debtor refused to pay the amount requested, the landlord brought an unlawful detainer action against the debtor, but did not succeed in evicting the debtor from the premises or in obtaining an increase in the base rent.

The landlord later asserted that the taxes owed by the debtor should be based on the actual value of improvements and not the projected value. When the debtor refused to pay the higher amount, the landlord again initiated eviction proceedings against the debtor. This time, the landlord succeeded in obtaining an unlawful detainer judgment which declared a forfeiture of the lease. The debtor filed a petition for relief from the lease forfeiture, but the petition was denied by oral announcement

in the California State Superior Court on February 14, 1984.

The landlord began proceedings to execute on its judgment, but was stayed after the debtor filed this Chapter 11 case in February 1984. By its motion, the landlord seeks relief from stay to continue to execute on its judgment. At the time this motion was brought, the debtor had not yet appealed the state court unlawful detainer judgment. Subsequent to the first hearing on this matter, and before the time to appeal expired, the debtor filed a notice of appeal of the state court judgment.

The landlord argues that because the unlawful detainer judgment declares a forfeiture of the lease, the lease has terminated or expired and cannot now be assumed by the debtor. Because the debtor has no further interest in the lease, cause exists for lifting the stay to allow the landlord to levy on its writ of execution for possession. The debtor, however, asserts that because an appeal of the state court judgment is pending, the judgment is not final and therefore not entitled to be given full faith and credit by this Court. Consequently, the debtor concludes, the lease is not terminated but remains, in the bankruptcy sense, an unexpired lease. The debtor further asserts that the lease is essential to its reorganization and it wishes to assume it.

## III

## DISCUSSION

■ In deciding whether "cause" exists for lifting the automatic stay, it must first be determined whether the subject lease is expired or unexpired. An expired lease may not be assumed, so continuance of the stay with respect to a landlord would not be justified. 11 U.S.C. Section 365 (1982). Two reported cases applying California law have considered the question.

The debtor notes that in *In re Burke*, 76 F.Supp. 5 (S.D.Cal.1948), a lease was found to be unexpired if relief from forfeiture under California Code of Civil Procedure Section 1179 was available. The debtor, in the case at bar, however, was heard on its application for relief from forfeiture under Section 1179 in the state court prior to filing this case, and its application was denied.

The landlord points to Judge Meyers' previous holding in *In re Acorn Investments*, 8 B.R. 506 (Bankr.S.D.Cal.1981), in support of its position that the lease has in fact expired. In *Acorn Investments*, Judge Meyers concluded that a lease had expired and was not assumable by the debtor because a final state court unlawful detainer judgment declared a forfeiture of the lease. As debtor here points out, however, in *Acorn Investments*, the parties agreed that the state court judgment was final. Here, there is no such agreement between the parties.

The landlord argues that the unlawful detainer judgment is final even though it may be appealed. The landlord concludes this since under state law, absent bankruptcy, it is entitled to execute on its judgment despite the pendency of an appeal because the debtor did not seek a stay pending appeal.

■ The debtor disputes the landlord's assertion of finality and conclusiveness with respect to the parties' rights in the lease. The debtor correctly notes that this Court must give the state court unlawful detainer judgment the same, but no more, full faith and credit than it would have in the state within which it was rendered. 28 U.S.C. Section 1738 (1982). The debtor next asserts that under California law, a judgment is not conclusive while an appeal is pending. *Pellissier v. Title Guarantee and Trust Co.*, 208 Cal. 172, 184, 280 P. 947 (1929). The debtor's assertion is consistent with the court's expression of "finality of a judgment" in the case of *Ramish v. Workman*, 33 Cal.App. 19, 21, 164 P. 26 (1917). Although the facts in *Ramish* are different than those before this Court, the question presented in that case is similar to the one presented here. In *Ramish*, a landlord succeeded in obtaining an unlawful detainer judgment which declared a forfeiture of the tenant's lease. The tenant appealed the judgment. The landlord later

brought a separate action seeking rent for the period within which the tenant occupied the premises before eviction. In holding that the tenant was liable for rent at the lease rate, the court stated as follows:

"Moreover, this judgment was not final, for the reason that an appeal was perfected therefrom, and hence, there being no final determination of the question as to plaintiff's right to forfeit the lease, the question was left as though it had never been tried, even though no stay was directed by the court as provided in section 1176 of the Code of Civil Procedure. Hence, so long as defendants continued to occupy the premises, pending the final determination of the action for unlawful detainer, the lease constituted the measure of their liability for such time as they remained in possession."

*See also, Wells Fargo Bank & Union Trust Co. v. Imperial Irrigation District,* 136 F.2d 539, 552 (9th Cir.1943); *cert. denied* 321 U.S. 787, 64 S.Ct. 784, 88 L.Ed. 1078 (1944) ("Pending appeal, the judgment of a California Superior Court is not final and is not evidence of the rights therein declared.") This Court concludes that, just as in *Ramish,* the state court unlawful detainer judgment which is currently on appeal is not conclusive as to the rights of the parties with respect to the lease. Because the rights of the parties are not yet finally determined, the lease remains unexpired in the bankruptcy sense and there is insufficient "cause" to justify relief from the automatic stay.

Section 362 of the Code, however, entitles the landlord to such modification or altering of the stay as the Court deems justified. Here, the landlord should not be unduly delayed in at least having its status clarified. Accordingly, the debtor will be required to make its election to assume or reject the subject lease within 30 days on the date of this Memorandum Decision.

## IV

## CONCLUSION

For the reasons explained herein, the Court concludes that the landlord is not entitled to be relieved of the automatic stay to levy on its writ of execution for possession. The debtor, however, will be required to make its election to assume or reject the subject lease within 30 days of the date of this Memorandum Decision. The debtor shall submit an appropriate proposed order within ten (10) days of the filing of this Memorandum.

## ADDENDUM TO MEMORANDUM DECISION ON MOTION FOR RELIEF FROM STAY

Allan G. Lieb, Attorney for the moving parties, S & M Development and Sam Spizman ("landlord"), in a letter dated June 21, 1984, has asked for this court's ruling with respect to relief of the application of the automatic stay to the state court appeal of the unlawful detainer judgment. If the earlier Memorandum Decision of June 20th is not clear on this point, the following discussion should clarify it.

Since this court found that the lease between the landlord and the debtor is an unexpired lease within the meaning of 11 U.S.C. Section 365 and has required the debtor to elect to assume or reject the lease, the state court appeal of the unlawful detainer judgment is moot.

Should the debtor elect to assume the unexpired lease, it may do so provided the requirements of Section 365 are met. If those requirements are met, the lease may be assumed as though the unlawful detainer action had not taken place. Hence, the state court appeal is moot. Should the debtor elect to reject the lease, landlord is left with a claim for damages and the debtor will be required to vacate the premises in an orderly fashion, again the result is mootness of the appeal.

The aforementioned consequences are implicit in this court's earlier Memorandum Decision denying landlord's motion for relief from stay.